OTTO P. KŒNIG, Respondent, v. FLORIAN MUELLER AND HENRY BLAKESLY IMPLEADED WITH FRANZ OECHSLIN, Appellants.

39 165
50a 657

1. *Mechanics' Liens — St. Louis County — Landlord and Tenant.*—The special act relating to St. Louis county, Acts 1857–8, p. 668, gives a lien to mechanics and others upon leasehold property. If the improvements placed upon leasehold property are such as the tenant could remove at the end of the term, they are not improvements within the meaning of the act for which the mechanic has a lien.

2. *Mechanic's Lien — Landlord and Tenant.*—The lien under the Mechanics' Lien Act affects nothing more than the interest which the lessee has acquired in the premises, and if the account accrues before the owner of the fee regains possession, the estate of the lessee is effectually bound by it. The owner of the fee must pay the debt, and thus extinguish the lien, or accept the purchaser as his tenant for the remainder of the term.

*Appeal from St. Louis Land Court.*

*Jecko & Clover*, for appellants.

I. The account sued upon was for work done and materials furnished upon personal property which might have been taken away by the outgoing tenant, and therefore not the subject of a mechanic's lien—Mech. Lien L. of St. Louis Co., Sess. Acts 1857, p. 668.

II. Whether personal property, or become fixture by being attached to the freehold, still the demand was not the subject of lien, being for work done and materials furnished by a lessee for the purposes of trade, and therefore not a subject of lien with knowledge of the mechanic or material man.

III. The plaintiff cannot have a lien upon the property or estate of the lessee ; the estate of the lessee had been ended, and the law will not be so construed as to punish an innocent party—a landlord who leases his property to a new tenant after forfeiture without knowledge of a secret lien.

*Taussig & Kellogg*, for respondent.

I. Whether the work set forth in plaintiff's account and for which he obtained a judgment was done for the repairing and improvement of the buildings and leasehold estate described in the petition was a question of fact which the court below, sitting as a jury, found for plaintiff, and which this court will not review.

II. The work for which plaintiff recovered judgment was done in and upon the buildings described in the petition, and not upon personal property or fixtures.

III. Work done in changing or altering a building which is in sound and tenantable condition, at the request of the person having control of the same, is an "improvement" within the meaning of the 2d section of the mechanics' lien law.

IV. To entitle a mechanic in St. Louis county to a lien against a leasehold estate for work done on leasehold prem-

ises, it is not necessary that the work done should be necessary for, or an amelioration of, the freehold; it is sufficient if it is an improvement or reparation of the leasehold estate. In this case it was expressly charged that the work done was an "improvement of the leasehold estate."

V. The work was done and the materials were furnished before the forfeiture of the lease; it was therefore proper to grant special execution against the leasehold premises—§ 2, p. 668, Sess. Acts 1857.

FAGG, Judge, delivered the opinion of the court.

This was a suit brought in the St. Louis Land Court, under the provisions of "An act entitled an act for the better security of mechanics and others erecting buildings, or furnishing materials for the same, in the county of St. Louis."

The account was for work and labor done and materials furnished in making certain additions and alterations to property located in the city of St. Louis, of which the said Blakesly was the owner and Franz Oechslin the lessee. After the performance of the labor and the furnishing of said materials, there was a forfeiture of the lease and a re-letting of the premises to the other defendant, Florian Mueller.

Upon the trial there was a verdict and a judgment for the plaintiff, from which an appeal was taken to this court. It is shown by the testimony that the property was leased by Oechslin for the purpose of carrying on a restaurant and hotel business; that the work and materials furnished were for the general purpose of fitting up the premises and adapting them to the business for which he had taken the property. No question is presented by the record for the consideration of the court, except as to the instructions asked by the defendants, and refused by the court.

The case was tried by the court sitting as a jury, and three declarations of law asked by the counsel for defendants. The first was framed upon the theory that the work and labor done, and materials furnished, must have been directly

connected with the erection of the building, or other improvements upon the grounds in question—the word "improvements" being therein defined as an amelioration of the freehold. The 2d declared that the plaintiff was not entitled to recover if it was found by the court that the premises were in good tenable condition at the time the lessee took posession of the same, and that the work done and materials furnished were simply to enable him to carry on the particular business for which the property was to be used. The 3d required that the work and materials should have been done and furnished with the knowledge or assent of Blakesly, in order to create a lien upon the property.

The court committed no error in refusing the instructions. The special law for St. Louis county differs from the general law, principally in the fact that it gives a lien to mechanics and others upon leasehold property. If it be said that the intention was to give such a lien only when the work done and materials furnished amounted to an actual amelioration of the freehold, then there could be no security whatever to the very class of men for whose benefit the law was passed. Shall the mechanic and laborer, when their services are demanded, stop to have the question first determined whether the proposed work will really benefit the freehold or not? And if so, who is to decide that question? They must ascertain for themselves whether there is such an interest in the property as will be sufficient to save them harmless in the event that the necessary steps have to be taken to secure a lien. In addition to this, they must look to the fact whether the work and labor performed, or the materials furnished, is for the purpose of making such improvements upon the premises as will become permanent fixtures of the freehold. If they are such improvements or additions to the premises as the lessee would be permitted to remove at the end of his term, they are not improvements within the meaning of the act under which this suit is brought, and are not the subjects of a lien.

The lien affects nothing more than the interest which the lessee has acquired in the premises ; and if the account accrues before the owner of the freehold regains possession, the estate of the lessee is effectually bound by it. The only choice left to the owner is to pay the debt and thus extinguish the lien, or, if the property is sold under the provisions of the act, to accept the purchaser as his tenant for the remainder of the term. If, however, the landlord has taken a forfeiture of the lease, and placed another tenant in possession, whereby he has incurred liabilities inconsistent with the rights of the party seeking to enforce his lien against the property, it is his own fault, and he must suffer the consequences.

Judgment affirmed. The other judges concur.