COLLINS & HOLLIDAY, Appellants, *v.* D. E. MOTT, Respondent.

1. *Mechanics' lien—Leasehold estate does not extend to boilers or engines.—* Sections 2 and 4 of the act concerning mechanics' liens (Gen. Stat. 1865, ch. 195) extended the lien to a building erected by a tenant upon leased premises with power of removal, but not to engines and boilers erected by him thereon. The term "improvement," as used in that act, is synonymous with "building," and does not include engines and boilers.

2. *Mechanics' lien—Meaning to be attached to decision in Koenig v. Mueller.—* The decision in Koenig v. Mueller, 39 Mo. 165, was not intended to assert that no improvements which could be removed from the leased premises are subjects of a mechanics' lien, but only that when the building belongs to the landlord, in selling the tenant's term, his movable improvements should not pass.

*Appeal from St. Louis Circuit Court.*

*Ewing & Holliday*, for appellants.

*Madill*, and *Crews, North & Laurie*, for respondent.

BLISS, Judge, delivered the opinion of the court.

One Greenwood and others were the lessees of a building which had been converted into a mill for making kiln-dried corn meal; everything belonged to them but the naked buildings and ground.   The plaintiffs furnished labor and materials, and made repairs upon the machinery and improvements belonging to the lessees ; filed their accounts to perfect their lien ; obtained judgment, sold and bid in the property in controversy.   Defendant held a mortgage upon the same property, and the controversy is between their respective claims.   The specific articles in dispute are the steam boiler and engine, and it is conceded that if the mechanics' lien attached to this property, the plaintiff's claim should prevail.   The defendant claims that they are not subject to the plaintiff's lien, because, first, it could not attach to that description of property; and, second, the labor and materials were not furnished and bestowed upon them, but upon other parts of the mill.

Section 4, chapter 195, Gen. Stat. 1865, concerning mechanics' liens, attaches the lien to the interest of the lessee, in leased premises ; but in that and the preceding sections it is confined to the building, erection, and improvement, including the land, if the work is done for the proprietor.   The mechanic holds his lien for work, materials, fixtures, engine, boiler, and machinery done and furnished by him, but, in describing the property upon which such lien is held, no terms are used which can include such engine, etc., unless they have become part of the realty, when the lien, of course, would cover them.   The cases cited by the plaintiff from Pennsylvania only go to that extent ; and the same court, in Haworth v. Wallace, 14 Penn. 118, and in Church v. Griffith, 9 Penn. 117, held that trade fixtures and buildings, removable by the tenant, were not subject to the mechanics' lien under the statute.   This lien is statutory, and the decisions in each State must conform to its own statute.   Thus, in Ombony v. Jones, 19 N. Y. 234, upon a statute providing that when labor and materials are furnished for a building, by contract with the owner thereof, the person furnishing them shall hold a lien upon

the building and the lot to the extent of the interest of such owner, it was held that the lien covered a building erected by a tenant upon leased premises with the power of removal.

Sections 2 and 4 of our statute are intended to cover just such a case, and to facilitate the enforcement of the lien, but do they go further? If the improvements bought by the purchaser at the sale upon the lien are intended to extend to the engine and boiler, why are they not mentioned? They are specifically described when reference is had to the labor and property furnished to secure which a lien is created, but are omitted in naming the property to which a lien attaches. The materials spoken of in section 1 are materials "for any building," and all that is holden is the "building or other improvement erected or materials furnished," and afterwards the purchaser is spoken of as "the purchaser of the building and leasehold term," "purchaser of the improvements," and the payment of the rent is provided for "to the time of removing the building," thus using the terms "building" and "improvements" as synonymous, and excluding the idea that the engine and boilers were included.

This statute is of gradual growth, and its first aim was to fasten a lien upon the realty for work upon the buildings. In enlarging its scope and operations, by extending it to leasehold property, the idea of holding nothing but buildings and improvements upon them seems still to prevail. The remark of the judge who delivered the opinion in Koenig v. Mueller, 39 Mo. 165, cited by defendant, may be too broad as a general proposition, though it was correct in its application to that case. It was not intended to assert that no improvements which could be removed are subjects of a lien, for section 4 provides for just such liens, but only that when the building belongs to the landlord, in selling the tenant's term, his movable improvements should not pass.

The judgment of the Circuit Court is affirmed. The other judges concur.