*W. A. Peelle* and *H. C. Fox,* for appellee.

---

KNAUBE ET AL. *v.* KERCHNER.

MECHANIC'S LIEN.—*Pavement.*—The making of a pavement, in front of a lot and abutting thereon, cannot be regarded, in any sense, as the "construction or repair" of a building on such lot, within the meaning of the statute in regard to mechanics' liens; and therefore a mechanic's lien cannot be acquired for work done and materials furnished in the construction of such a pavement.

APPEAL from the Jennings Circuit Court.

DOWNEY, J.—This was an action by the appellee against the appellants, to enforce a mechanic's lien, and there was judgment in the circuit court for the plaintiff, from which the defendants appeal to this court. The errors assigned are, the overruling of a demurrer to the complaint, and the refusal to grant a new trial.

We need only examine the first error assigned. The question involved is this, as stated in the brief of counsel for the appellee: "Will a mechanic's lien attach for work done and materials furnished in the erection and construction of a pavement in front of, and abutting upon, a lot and

building, as in this case?" The statute provides that mechanics and all persons performing labor or furnishing materials for the construction or repair of any building may have a lien. 2 G. & H. 298, sec. 647. We cannot regard the making of a pavement in front of a lot as, in any sense, either the construction or repair of a building, within the meaning of the statute, and must, therefore, hold that the demurrer to the complaint should have been sustained.

The judgment is reversed, with costs, and the cause remanded.

*J. D. New* and *A. G. Smith*, for appellants.

*J. Overmeyer* and *D. Overmeyer*, for appellee.

