JAMES B. SMITH

*v.*

CATHARINE KENNEDY *et al.*

1. MECHANIC'S LIEN—*improving street.* The statute gives no lien on a lot for curbing, grading and paving the street in front of the same, though done under contract with the owner of the lot. It is given only for labor and materials furnished for the "building, altering, repairing or ornamenting any house or other building or appurtenance thereto."

2. SAME—*agreement to give a lien.* If a party seeks to enforce a lien upon a lot, for labor and materials furnished in the improvement of a street bounding the same, under a contract with the owner of the lot that he shall have such lien, he must show in his bill or petition that such agreement was in writing, as no verbal agreement to that effect can be enforced, when the statute fails to give a lien.

APPEAL from the Superior Court of Cook county; the Hon. SAMUEL M. MOORE, Judge, presiding.

Messrs. SMITH & BURGETT, for the appellant.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was a petition under the mechanic's lien law, to establish a lien on the premises described, for materials and labor

furnished and performed, under a contract with the owner for "curbing, grading and paving" the street in front of the lot owned by defendants. The making of the contract with the owners for "curbing, grading and paving" the street in front of their property, and the performance of the contract by petitioner, is set forth with sufficient particularity. To the original petition, alleging these facts, a demurrer was sustained. On leave given, the petition was amended by the distinct allegation, defendants "promised, contracted and agreed" petitioner might have a lien on the premises described, which is an abutting lot, for the sum of money that might become due to him for such labor and materials as he should furnish under and in accordance with the agreement set forth in the original petition. The demurrer interposed to the amended petition was also sustained, and it was dismissed.

There was no error in dismissing the petition. The statute has, by no express terms, given any lien in such cases, and we have no right, by judicial construction, to enlarge its provisions. That section of the statute which, it is said, gives the remedy is as follows: "That any person who shall, by contract expressed or implied, or partly expressed and partly implied, with the owner of any lot or piece of land, furnish labor or materials, or services as an architect or superintendent, in building, altering, repairing or ornamenting any house or other building or appurtenance thereto on such lot, or upon any street or alley and connected with such building or appurtenance, shall have a lien upon the whole of such tract of land or lot, and upon such house or building or appurtenance, for the amount due to him for such labor, materials or services." It will be observed, the contract must be with the owner of the property and must be for the "building, altering, repairing or ornamenting of any house, or other building or appurtenance thereto on such lot or upon any street or alley," before the mechanic or material-man can have a lien upon the premises for his labor or materials furnished. What is meant by the phrase, "upon any street or alley," may not be readily

understood, but it is clear the petition in this case does not show the labor and materials furnished were for the "building, altering, repairing or ornamenting any house or other building or appurtenance thereto," but the same were for work in "curbing, grading and paving" the street—a work wholly disconnected with the buildings, if there are any, on the lot against which the lien is sought. It is not even alleged there is any house or other building on the lot to be "altered, repaired or ornamented." As no lien is given, by statute, on the abutting premises, for the cost of such work, as petitioner alleges he did, on the street, under the contract with the owners, the demurrer was properly sustained to the petition.

As to the other point made, on the amendment to the petition, it is sufficient to say it is not alleged the agreement with the owners, that petitioner might have a lien upon the abutting premises for the cost of the work to be done in the street, was in writing. No mere verbal or oral contract would be effectual for that purpose—certainly, not in a case of this kind. Before petitioner will be entitled to equitable relief, he must show affirmatively, by his bill or petition, the facts upon which he bases his right to such relief, and they must be sufficient to warrant the intervention of a court of equity in his behalf. That, he has not done.

The decree must be affirmed.

*Decree affirmed.*