EVANS ET AL. V. YOUNG ET AL.

1. A., being the owner of an entire estate, leased the same to B. for a term of years, who erected a building on the premises. A mechanic's lien was filed against the leasehold interest. B. subsequently sold his leasehold interest to A. *Held*, that the entire estate became subject to the lien.

2. When the record does not show that a default was not properly entered, the presumption arises that the required notice was given.

*Appeal from District Court, Arapahoe County.*

THIS action was commenced in the county court of Arapahoe county, by appellees, Young & Savin, against the Denver Natatorium & Physical Culture Association, the Colorado Mortgage & Investment Company, James H. Jones, and appellant John Evans. The complaint was filed April 1, 1882. All the defendants were duly served with summons. The complaint was upon an account of $540, for building materials sold and delivered to the said natatorium association about the last of August, 1881, for and used in the building then being erected by the said association upon lots 29 and 30, in block 48, East Division of Denver, said county, in which premises the said association then held a leasehold estate, upon a lease from the said John Evans. Said complaint also showed a mechanic's lien upon the said account, in favor

of said Young & Savin, against the said leasehold estate; that the said mortgage company and James H. Jones were made parties, for that a deed of trust conveying the said leasehold estate to James H. Jones had been executed, by the said association, for the purpose of securing a loan from the said mortgage company, and said John Evans was made party, for that he was the owner of the estate subject to said leasehold estate, and was supposed to have acquired the said leasehold estate. On April 6, 1882, answer of said mortgage company and James H. Jones was filed, in which answer it was set forth " that, before the commencement of the said action, these defendants executed and delivered to the said John Evans an assignment of all the right, title and interest theretofore held by these defendants in the lease of the premises described in the complaint, and these defendants claim no interest or estate in the premises mentioned." Upon which disclaimer, on the 19th day of May, 1882, the said defendants were dismissed from said action, upon the motion of the said Young & Savin, plaintiffs there. On the 17th day of April, 1882, for want of answer, demurrer or motion, default was duly entered against said association. On the 21st of June, 1882, said John Evans filed his answer, so that said Evans was the only contending defendant in the action. Upon the hearing of the cause, the court entered final judgment against the said association on the default, to the extent of limiting the lien to the said leasehold estate, and limiting the said leasehold estate to a term of five years, and for the amount claimed; and decreed in favor of the said Evans, and against the said Young & Savin, from which decree appeal was taken to the district court by the said Young & Savin, and the cause was there referred to a referee to find and report a decree.

From the evidence it appears that on the 5th day of July, 1881, said Evans executed a lease for a term of ten years of the said premises to said association. The

terms of the lease were such that the lessee was required to pay $125 per month rental, the taxes on the premises, and to erect a certain building thereon, and provided for the forfeiture of the estate in case of failure to perform. The association at once entered into the possession and commenced the erection of the said building thereon, and about the last of August of the same year the said materials were sold, and delivered by said Young & Savin to said association, to and for the erection of said building; and in due time notice of a mechanic's lien was filed and asserted against the said premises. The building progressed, but not to completion.

On the 20th day of September of the same year the said association borrowed from the said mortgage company the sum of $3,000, and conveyed its leasehold estate in the premises to said James H. Jones in trust for security for such loan, and at the same time assigned and delivered to the said mortgage company the said instrument of lease of said premises for the same purpose. The said association finally failed to pay the said loan at maturity, and failed to complete said building, and in the month of March, 1882, the said debt being due and unpaid, the said deed of trust was duly foreclosed, and the said mortgage company was the purchaser at such sale, and received the deed from the said trustee accordingly, and thereby became vested with the said leasehold estate, subject to the said mechanic's lien claim. And on the 1st day of April, 1882, the said mortgage company paid to the said Evans all the rentals at that time due, after which, and on the same day, and for the sum of $3,000, paid by said Evans therefor, the said mortgage company sold, assigned and delivered to the said Evans the said leasehold estate, and also delivered the said instrument of lease, with a written assignment thereof on the back thereof, and also a bill of sale of material, etc., upon said premises; so that the said Evans then and there became vested with the said leasehold estate, and

improvements thereon, together with the possession of said premises.

It also appears that the said lien had been duly asserted and filed, and that the said action had been commenced in due time; that, at the time of the transfer to the said Evans, said mechanic's lien claim was spoken of, it being stated on the part of the said mortgage company that they thought the said deed of trust to said mortgage company was prior in time to the said mechanic's lien. It also appears that, after the answer of the said mortgage company, and previous to the hearing and final decree in the cause, that the said mortgage company had purchased the entire premises from the said John Evans. The referee's findings and report were as follows:

"MARCH 18, 1884.

"Finding of referee as follows: *First.* That plaintiffs, Young & Savin, furnished the materials charged for, amounting in value to the sum of $540.24, to the Denver Natatorium & Physical Culture Association, to be used by that corporation in the building then in process of erection by it on lots numbered 29 and 30, in block 48, East Denver, then held by said corporation under lease by defendant John Evans for a term of years, and that said materials were used in said building. *Second.* That while said lease was in full force, and said lots were held thereunder, plaintiffs, in substantial compliance with the statute, filed in the office of the recorder of Arapahoe county notice of their claim, and of their purpose to claim a lien therefor upon the said lots and building. *Third.* That subsequently defendant John Evans, who held the fee in said lots, with notice of the lien as claimed by plaintiffs, purchased the term of said corporation held as aforesaid, and paid therefor the sum of $3,000, and so merged the leasehold in the fee. As matters of law he finds that plaintiffs had a valid lien upon the term and interest of the said corporation in the said lots, and building thereon, to secure the payment of their said

debt, and that defendant John Evans took the said term and interest under his purchase aforesaid charged with the said lien; that the plaintiffs have now a lien upon said lots so held by said Evans, at least to the extent of $3,000, the amount paid for the claim of said corporation to secure their said debt, to wit, the sum of $540.24, with interest thereon at the rate of ten per cent. per annum from the 1st day of September, A. D. 1881, and the costs of this suit. To foreclose and enforce this lien a decree may be prepared. It appears from the proof that the Colorado Mortgage & Investment Company, Limited, has purchased and now owns the said lots (taking them with notice of the said lien, as it would seem), but, said corporation not being a party to the suit, its rights will be reserved in the decree.

[Signed] "JAMES A. DAWSON, Referee.

"DECREE OF THE REFEREE.

"And this cause having come on to be heard upon the amended bill of complaint herein, and the answer thereto of the defendant John Evans, the default of the defendant the Denver Natatorium & Physical Culture Association having been heretofore duly entered of record, and upon the proofs taken in this cause; and it appearing to the court that the defendant the Denver Natatorium & Physical Culture Association did, on and before the 1st day of September, A. D. 1881, hold and possess a certain leasehold interest and estate in and to the lots numbered 29 and 30, in block 48, in the east division of the city of Denver, county of Arapahoe, and state of Colorado, which said lease was made by the defendant John Evans, who appears to have then been the owner of the fee-simple title to said lots, which said leasehold estate extended from the 5th day of July, A. D. 1881, for, during and until the 5th day of July, 1891; and it further appearing to the court that the plaintiffs furnished lumber for the construction of a certain building partially erected by

the said defendant the Denver Natatorium & Physical Culture Association, on the said lots 29 and 30, in block 48, under a certain contract with the defendant the Denver Natatorium & Physical Culture Association, by which contract the said defendant the Denver Natatorium & Physical Culture Association agreed to pay to the plaintiffs the sum of $540.24, on the 2d day of September, A. D. 1881, at which date the last of said lumber was delivered by the plaintiffs upon said lots to the said defendant the Denver Natatorium & Physical Culture Association; and it further appearing to the court that the plaintiffs did, within forty days from the date when the last of said lumber was furnished to the said defendant the Denver Natatorium & Physical Culture Association, duly file its certain notice of a mechanic's lien on the said lots 29 and 30, in manner and form provided by law, and that this action was commenced within six months thereafter; and it further appearing to the court that on the 28th day of September, 1881, the said leasehold estate so held and possessed by the said defendant the Denver Natatorium & Physical Culture Association was duly assigned and transferred to the Colorado Mortgage & Investment Company of London, and that thereafter, and on or about the 1st day of April, 1882, the said lease and leasehold estate was by the said Colorado Mortgage & Investment Company duly assigned and transferred to the said defendant John Evans; and it further appearing to the court that the said defendant John Evans, on the 1st day of April, 1882, still continued to be the owner of the fee-simple title to said lots, and that, by the said assignment or transfer, the leasehold estate formerly held by the said defendant the Denver Natatorium & Physical Culture Association became merged into the fee-simple estate; and it further appearing to the court that the rights of the plaintiffs under their said notice of lien have never been legally foreclosed or destroyed; and the cause having been argued by counsel, and the court

being now sufficiently advised in the premises: therefore it is ordered, adjudged and decreed that the plaintiffs do have and recover of and from the Denver Natatorium. & Physical Culture Association the sum of $682.15, and costs of suit. And it is further ordered, adjudged and decreed that the said judgment be a lien on the said lots 29 and 30, in block 48, East Denver, Arapahoe county, Colorado; and that in the event that the said sum is not paid forthwith, execution issue therefor; and that the sheriff of Arapahoe county shall be, and is hereby, directed to levy the said execution upon the said lots 29 and 30, and to sell the same, or as much thereof as may be necessary for the purpose of paying and discharging the said judgment, together with costs of suit. All rights of the Colorado Mortgage & Investment Company of London, Limited, not affected by notice shown in the record of this cause, are hereby reserved. I report the foregoing decree.          JAMES A. DAWSON, Referee."

To which findings and report the following exceptions were filed on the part of the said Evans: "*First.* Because the findings of the said referee, and each of them, are contrary to the evidence introduced before the said referee. *Second.* Because the said findings, and each and every of them, are contrary to the law of the case. *Third.* Because the said referee permitted testimony to be introduced on the part of the plaintiffs contrary to law, and against the objection of the said defendant. *Fourth.* Because the said referee refused to permit the said defendant to introduce proper and lawful testimony offered in his own behalf. *Fifth.* And for other good and sufficient reasons apparent upon the face of said referee's report."

The exceptions were overruled by the court, and decree entered as reported; from which the ·cause is brought here on appeal by the said Evans. The errors assigned are as follows: "(1) The court erred in overruling appellant's demurrer to appellees' amended complaint. (2) The court erred in overruling the exceptions of appellant

to the report of the referee herein.   (3) The court erred
in overruling appellant's objection to the following in-
terrogatory propounded by the appellee to the witness
Walter P. Miller: 'Please state the substance of those
papers which were delivered, as you say, to Captain Gray,
as the agent for Governor Evans.'   (4) The court erred in
permitting appellees to read in evidence the certain trust
deed marked 'Exhibit A,' the resolution of the Denver
Natatorium & Physical Culture Association, 'Exhibit B,'
and the notice and lease marked 'Exhibit C,' against the
objection of appellant.   (5) The court erred in permitting
the witness Percy Austin to read in evidence, from a cer-
tain book purporting to be the record of the proceedings
of the board of directors of the said Denver Natatorium
& Physical Culture Association, the certain report of
August 4, 1881, on page 11 thereof, and in overruling ob-
jection of appellant thereto.   (6) The court erred in per-
mitting the appellees to read in evidence the answer of
Glyn W. E. Griffith, and in overruling objection of appel-
lant thereto.   (7) The court erred in permiting appellees
to read in evidence a certain lease, set out in folios 232 to
245, and in overruling objection of appellant thereto."

Mr. H. C. DILLON, for appellant.

Mr. JOHN L. JEROME, for appellees.

STALLCUP, C.   Counsel for appellant in their argument
have arranged the errors assigned under three heads, and
have accordingly presented the same for consideration.

1. It is argued that the lessee cannot bind the estate of
the lessor with a lien.   This proposition may be conceded;
but when the lessor, being the owner of the entire es-
tate, subject only to the lease, buys the said leasehold
estate, and thereby becomes vested with the entire estate,
and possession and control thereof, he does not thereby
remove the incumbrance of a third party upon the estate
so purchased.   By so uniting the two estates, the lesser

estate became extinguished by sinking into the greater estate, leaving the lien resting upon the entire estate, unless the two estates for equitable purposes should be held and treated as being separate and distinct. From the evidence it appears that appellant sold and conveyed the entire estate. Having so done, it may be doubtful if he could thereafter be permitted to treat the leasehold estate and the fee as separate and distinct. *James v. Morey*, 2 Cow. 268; *Koenig v. Mueller*, 39 Mo. 165.

But the two estates, when owned by the same person, are only regarded in equity as separate when equitable considerations justify or require such action; and since appellant purchased the lease with full knowledge of the lien rights of appellees, and since the leasehold estate was of much greater value than the amount of the lien, as evidenced by the sum paid therefor by appellant, we are of the opinion that no equitable consideration exists requiring us to hold that an absolute merger did not take place. *Smith v. Roberts*, 91 N. Y. 476; *Koenig v. Mueller, supra.*

2. It is argued that the decree was invalid as to the Natatorium Association, and consequently invalid as to appellant. This argument rests upon the assumption that judgment was rendered against the association without legal notice of the proceedings after appeal. Assuming that appellant has the right to question this part of the decree, we must declare the objection not well taken. The prayer for the appeal and order of the county court allowing the same are general, and covered the entire decree. Counsel for appellant do not question the right of Young & Savin to take the appeal in this way. They assume that the whole cause, by the appeal, was taken to the district court for a trial *de novo*. The decree in the district court, which is part of the record proper, recites the filing therein of the amended complaint, the answer thereto of appellant, and the entry of default against the association. There is nothing in the

record to show that this default was not properly entered, and, in favor of the regularity of the proceedings, the presumption arises that any notice required was given. If notice was not given the association of the proceedings, the record does not show the fact; and, if the record omits or misrecites any material matter, counsel should have procured a correction thereof.

3. It is argued that the decree was not supported by the evidence. It is contended on the part of appellant that the evidence shows that the said building materials were not sold upon credit to the said association, but to one Griffith, and on this account there was no right to a lien. If such were the facts in the case, they might defeat the lien; but, from the evidence adduced, the findings were against this view, and we see no reason to disturb such findings. It is also contended that the building provided for by the terms of the lease was not completed in the time therein specified, and the lease, by its terms, was subject to forfeiture. Be this as it may, the lease never was forfeited, and the leasehold estate never was so terminated, as no forfeiture was ever claimed or asserted by appellant. He preferred to acquire the estate by purchase, after receiving the rental to April 1st; thereby repelling any claim or intention of a forfeiture thereof, he then purchased the leasehold estate, together with the improvements and materials on the premises, and so received possession thereof. It is therefore apparent that he did not acquire the leasehold estate by forfeiture, but by purchase.

The decree should be affirmed.

We concur: MACON, C.; RISING, C.

PER CURIAM. For the reasons assigned in the foregoing opinion the decree of the district court is affirmed.

*Affirmed.*