THE MISSOURI VALLEY CUT STONE WORKS, Respondent,
v. HENRY BROWN *et al.*, Appellants.

### Kansas City Court of Appeals, May 30, 1892.

1. **Mechanics' Lien:** NON-LIENABLE IMPROVEMENTS. A retaining wall though it serves the purpose of a fence, and a driveway extending from the street up to the side of the residence, are not such improvements that a mechanic's lien can be maintained for the material used in the construction thereof when contracted for separately from the building; statutes of other states and their constructions reviewed.

2. **Practice, Appellate:** ASSIGNMENT OF ERRORS. Under the present statute no formal assignment of errors is required.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

REVERSED AND REMANDED *(with directions).*

*Karnes, Holmes & Krauthoff* and *S. C. Douglass*, for appellants.

(1) A mechanic's lien is purely a creature of the statute, and derives its existence wholly from positive enactments. *Edgar v. Salisbury*, 17 Mo. 272; *Camsius v. Merrill*, 65 Ill. 67; Phillips on Mechanics' Liens [2 Ed.] sec. 9; *Grant v. Vandercook*, 8 Abb. Pr. N. S. (N. Y.) 455; *Mfg. Co. v. Hazlett*, 3 Brewst. (Pa.) 98. Therefore, there can be no lien other than that which the statute creates. (2) The supreme court of this state has construed the words of this statute, and declared that the terms "building" and "improvement," as used in the statute, are synonymous. *Collins v. Mott*, 45 Mo. 100; Phillips on Mechanics' Liens [2 Ed.] sec. 174; R. S. 1889, sec. 6705. (3) A fence or stone wall for the purposes of a fence is not a build-

ing or improvement, in the sense that the statute confers a lien for its construction. Wherever it has been held that fences come within the statute, it has been where the statute specially provides a lien for the building of fences. Phillips on Mechanics' Liens [2 Ed.] secs. 164, 165, 170; *McDermott v. Palmer*, 4 Seld. (N. Y.) 383; *Bank v. Curtiss*, 18 Conn. 342; *Camsius v. Merrill*, 65 Ill. 67; *Beers v. Knapp*, 5 Ben. (U. S. Dist. Ct.) 104; *Lothian v. Wood*, 53 Cal. 159; *Truesdell v. Gay*, 13 Gray (Mass.) 311; *Revy Co. v. Vanderpool*, 11 Wis. 119, 121; *Yearsley v. Flanigan*, 22 Pa. 489. (4) In the case at bar, the stone walls or fences were built under contracts, separate and distinct from those under which the residence proper, the barn and other buildings appurtenant thereto were constructed. No part of the materials furnished by the respondent was used elsewhere than in such stone walls or fences. Under such circumstances the statute gives no lien—but otherwise, if built under one general contract for the residence, walks, fences, etc., as is oftentimes done. Phillips on Mechanics' Liens [2 Ed.] sec. 165; *Henry v. Plitt*, 84 Mo. 237; *Stone Co. v. Gray*, 43 Mo. App. 671; *McDermott v. Claas*, 104 Mo. 24, 25.

*Crysler, Sherlock & Stearns*, for respondent.

(1) The appellants' brief contains no assignment of errors, as required by rule number 18 of this court. *Honeycutt v. Railroad*, 40 Mo. App. 677–8, and cases cited. (2) Answering the second subdivision of appellants' brief, the respondent says that the opinion of the supreme court in *Collins v. Mott*, 45 Mo. 100, upon examination will show that no question covered by that decision is in issue in the case at bar, and it is no authority in this case. The supreme court has defined "improvement" to mean an "amelioration of the

freehold." *Koenig v. Mueller*, 39 Mo. 168. (3) "The
courts were at one time inclined to construe the lien
law strictly against those who sought to avail them-
selves of its benefits," but the better doctrine now is
that those statutes are highly remedial in their nature
and should receive a liberal construction to advance
the just and beneficent objects had in view in their
passage; "their great aim and purpose is to do sub-
stantial justice between the parties, and this should
never be lost sight of in giving them a practical con-
struction." *Dewitt v. Smith*, 63 Mo. 266, at bottom.
The court of appeals has followed this case in *McAdow
v. Sturtevant*, 41 Mo. App. 225. (4) Appellants con-
tend in the fourth subdivision of their brief that "the
stone walls and fences were built under contracts
separate and distinct from those under which the
residence proper, barn and other buildings and appur-
tenances thereto were constructed; that the contractors
were different, etc. (see their brief), and that under such
circumstances the statute gives no lien. Appellant's
house was erected under different contracts, let by Van
Brunt, but "the house as an entirety," in "the sense
of one contract for the whole," "never was let to
anybody," and the walls, steps, coping, posts, etc., for
which respondent furnished material is and was a part
of appellant's general improvements, and the walls are
a part of his place "as an entirety." These walls,
steps, coping, posts, etc., were being put in as part
of the general improvements at the same time the
mechanics were engaged in building the house. The
house was not completed until after February, 1890,
and appellant moved into his house in May, 1890. The
walls, posts, coping and other improvements are all
appurtenant to appellant's buildings and premises, and
were constructed at the same time, under plans and
specifications made by the architect for the house,

and are wholly on appellant's premises, and constitute a part of his place "as an entirety." In the case of *Henry v. Plitt*, 84 Mo. 241, a lien for a sidewalk was given. The lien is given upon "the idea that the work, or labor, or materials, have been a benefit to the realty or enhanced its value. "*Holzhour v. Meer*, 59 Mo. 436; *Pullis v. Hoffman*, 28 Mo. App. 669. None of these erections or improvements serve any public purpose, and the lien ought to attach where the improvements are on the premises. *Stone Co. v. Gray*, 43 Mo. 676-7. The case of *McDermott v. Claas*, 104 Mo. 24, decides that sidewalks which are laid in the public street, and which the public are entitled to use, and are laid upon ground dedicated to public use, are lienable if built under the same contract with the dwelling on the adjacent premises, reaching in principle, we think, beyond that contended for by respondent in this case.

ELLISON, J.—It is sought to charge the property of defendant Douglass with a mechanics' lien for material furnished in the construction of a stone retaining wall; such wall operating as a fence on the front line of defendant's residence property; and for material furnished also for the construction of a stone driveway from the street up to the side of the residence. The material was furnished to a contractor to whom defendant Douglass paid the full price of the work, but such contractor failed to pay plaintiff. Judgment was for plaintiff below and defendant Douglass appeals, contending that under the facts of the case plaintiff is not entitled to a lien. The facts necessary to state for an understanding of our decision are, that Douglass had built and had, substantially, completed his residence when he let the contract for the wall and driveway. The letting of the wall and driveway was in separate

contracts, one written and the other verbal, and were entered into at different times, but neither of them were connected with any contracts for the erection of the residence, nor was the contractor in any way connected with the building of the residence.

Left to my own opinion, uninfluenced by what has been said by the courts, I would construe our statute, in the respect here involved, more in keeping with its letter, and what I believe to be its meaning. It has undoubtedly been construed under the influence of decisions from other states which have statutes unlike ours, and which ought, therefore, to have little weight. For instance, it is said in *Collins v. Mott*, 45 Mo. 100, that the word "buildings" and "improvements," as used in the statute, are synonymous, and that the lien should only extend to the "buildings and improvements upon them," notwithstanding the statute then and now speaks of buildings, erections, *"or other improvements."* R. S. 1889, secs. 6706, 6708. Thus seeming clearly to distinguish between a building and an improvement. And decisions are frequent where liens are allowed for improvements which were no part of a building. *Henry v. Plitt*, 84 Mo. 237; *McDermott v. Claas*, 104 Mo. 214. Each of these latter cases allow liens for sidewalks, for the singular reason that they were provided for at the *same time* and in the same contract with the building. If the statute does not provide for a lien for a sidewalk, it is difficult to see how the contract of the parties can create a *statutory* lien. If the material is not lienable, how can it become so, simply by being provided for at the same time with material which is lienable? In Pennsylvania, under a statute providing a lien for work done on or "about" a building, a lien was sustained for a sidewalk. And the question of entirety of contract was properly discussed

in that case, not as determining the lienable quality of material, but as to *when the statute of limitations* began to run. *Yearsley v. Flanigan*, 22 Pa. St. 489. In New York, sidewalk material was declared to be lienable on the ground that the statute included "appurtenances." *Kenny v. Apgar*, 93 N. Y. 539. Before the statute included such word, a lien for a sidewalk could not be maintained in that state. *McDermott v. Palmer*, 4 Seld. 383. In Illinois, under a statute giving a lien to him who should "furnish any labor or materials * * * in the building, altering, repairing or ornamenting any house or other building or appurtenance thereto on such lot;" it was held, notwithstanding the words, "appurtenance thereto on such lot," that there was no lien for curbing, grading and paving the street. *Smith v. Kennedy*, 89 Ill. 485. In Indiana, under a statute providing a lien for material furnished for the construction or repair of any building, material for a sidewalk was held not lienable. *Knaube v. Kerchner*, 39 Ind. 217. And in Iowa, under a statute identical in this respect with ours, it was pointedly decided that a lien for a sidewalk could not be had. *Coenen v. Staub*, 74 Iowa, 32. If in any of the states where the courts have sustained such liens, the peculiar statute of such state had not influenced them, it is altogether probable that the decision would have been against the lien. That it ought not to be lienable results from the simple fact that such lien springs from the statute, and where the statute, liberally construed, does not provide for it, it has no foundation. Our statute, section 6705, reads that the lien "shall be upon such building, erection or improvements, and the lot or land upon which the *same are situated*." A sidewalk is not situated upon the lot. Such walk being a way might well enough, perhaps, be called an appurtenance, and, where such

word is used in the statute, might properly be held lienable.

On the other hand, fences not only usually surround buildings, but they fall within the terms of our statute, being the "other improvements" contemplated by the statute, sections 6705, 6706, and being "situated" upon the lot as required by the statute. In seeking to justify the statement that the words, "or other improvements," only refer to a building, or improvements upon a building, it is useless to refer to jurisdictions which have not a statute similar, in this respect, to ours. Material for a fence, being, therefore, within the terms of the statute, ought properly to be held lienable without regard to its being contracted for in the same contract at the same time with the house. And a sidewalk, being without the terms of the statute, ought not to be held lienable, although contracted for with the house.

It is not intended to commit us to a decision of any of the questions referred to above. But we do hold, under the cases of *Henry v. Plitt*, 84 Mo. 237, and *McDermott v. Claas*, 104 Mo. 14, that plaintiff cannot maintain a lien for the reason as before stated, that the contracts for the fence and driveway were in no way connected with the erection of the building, or any of the contracts for its erection. As we understand and interpret those cases in connection with *Collins v. Mott*, 45 Mo. 100, improvements other than a building, or upon a building, are non-lienable, unless they have been constructed at the same time under "one entire contract." This must be our holding until some further light is thrown upon the subject by the supreme court.

II. Plaintiff makes the point that no formal assignment of errors was made by the appellant. Under our recent statute, this is not necessary.

The judgment is reversed and cause remanded with directions to disallow the lien. All concur.