JOHN O'BRIEN BOILER WORKS COMPANY, Respondent, v. DANIEL W. HAYDOCK *et al.*; Defendants; THE MERCHANTS AND MANUFACTURER'S RAILROAD AND WAREHOUSE COMPANY, Appellant.

St. Louis Court of Appeals, December 4, 1894.

1. **Mechanic's Lien:** TRADE FIXTURES OF LESSEE. A mechanic's lien can not be maintained for work done at the instance of a lessee on trade fixtures erected by him in a building on the leasehold premises, belonging to the lessor.

2. ————: EFFECT OF INTERMINGLING OF LIENABLE AND NON-LIENABLE ITEMS. The intermingling of lienable and non-lienable items in an account filed as a mechanic's lien is fatal to the validity of the lien, if the items which are lienable can not be separated from the remainder on an inspection of the account.

3. ————: EFFECT OF ALLOWANCE OF MECHANIC'S CLAIM BY ASSIGNEE FOR THE BENEFIT OF CREDITORS. *Semble*, that a mechanic's lien can not be maintained on a demand which has been allowed against the assigned estate of the debtor under an assignment for the benefit of creditors.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

REVERSED in part and AFFIRMED in part.

*Kehr & Tittman* for appellant.

(1) The work and labor done and materials furnished by respondent were not used in the erection of the building already on the ground when Haydock took the lease; nor were they afterward connected therewith so as to become a part of the building, and

to go and pass with it as a constituent part thereof. Hence there can be no lien on the building, nor the leasehold estate. *Richardson v. Koch*, 81 Mo. 264; *Collins v. Mott*, 45 Mo. 100; *Haeussler v. Glass Co.*, 52 Mo. 452. *Graves v. Pierce*, 53 Mo. 423; *McMahon v. Vickery*, 4 Mo. App. 225. (2) The allowances made by the assignees of Haydock on the notes accepted by plaintiff for the amount due on its open account were complete and final judgments. *Eppright v. Kauffman*, 90 Mo. 25; *Roan v. Winn*, 93 Mo. 303; *Nanson v. Jacob*, 93 Mo. 331. The accounts were then merged in the notes, the notes in the judgments, and the account could not, therefore, again become the basis of a suit against Haydock, either against him personally or to enforce a mechanic's lien—and the lien was lost. *Coakley v. Railroad*, 74 Mo. 479, 480; *Laine v. Francis*, 15 Mo. App. 107.

*John W. Drabelle* for respondent.

(1) A mechanic's lien may be established on the interest of the lessee in leased premises. R. S. 1889, sec. 6708; Session Acts, 1856, sec. 2, p. 668; *Koenig v. Mueller*, 39 Mo. 165; *Collins v. Mott*, 45 Mo. 100; *Reilly v. Hudson*, 62 Mo. 383; *Richardson v. Koch*, 81 Mo. 264; *Deatherage v. Sheidley*, 50 Mo. App. 490; Phillips on Mechanics' Liens [3 Ed.], sec. 191; 15 Am. and Eng. Encyclopedia of Law, p. 21. (2) The allowance of the notes of Haydock by his assignee as claims against the assigned estate did not operate to waive or discharge respondent's mechanic's lien. *McMurray v. Taylor*, 30 Mo. 263; *Ashdown v. Woods*, 31 Mo. 465; Phillips on Mechanics' Liens, secs. 273, 274, 276; 15 Am. and Eng. Encyclopedia of Law, pp. 105, 108, 110; *Peck v. Bidwell*, 10 Mo. App. 524; *Lee v. Hassett*, 39 Mo. App. 67; *Vandyne v. Vanness*, 6 N.

J. L. 485; *Spencer v. Etter*, 3 Eng. (Ark.) 69; *Roberts v. Wilcox*, 36 Ark. 355; *Brennan v. Swasey*, 16 Cal. 141; *Germania Building Ass'n v. Wagner*, 61 Cal. 349; *Holbrook v. Ives*, 44 Ohio St. 516; *Powell v. Mfg. Co.* 1 Luzerne, Leg. Rep. 92; *Rosenkranz v. Wagner*, 62 Cal. 151; *Kirkwood v. Hoxie*, 54 N. W. Rep. (Mich.) 720, and cases cited.

ROMBAUER, P. J.—The only question presented by this appeal is whether, under the facts shown by the evidence, the plaintiff is entitled to a mechanic's lien against the leasehold interest owned by the defendant Haydock in the property hereinafter described. The trial court decided that the plaintiff was entitled to such lien, and from this ruling the Merchants and Manufac- turer's Railroad and Warehouse Company, which was the lessor of Haydock and was and still is the owner of the premises, appeals. The contention made by the appellant is two fold: *First*, that the work done was not of a lienable character as against a mere lease- hold interest, and, *next*, that the plaintiff by his subse- quent conduct forfeited or waived any lien which it might have otherwise enforced. For the purpose of intelligently discussing the merits of this contention it is essential to set out the facts disclosed by the evidence, touching which there is no substantial controversy, and which, briefly stated, are as follows:

In September, 1890, the appellant let to Haydock for the term of ten years, beginning January 1, 1891, certain premises in the city of St. Louis. The premises thus let contained a building already erected thereon, covering an area of 400 by 600 feet, which, however, was out of repair. Haydock leased the building for a carriage manufactory, and at the date of the lease it was in contemplation of the lessor and lessee that it should be fitted up by the lessee to answer that purpose.

The lessee expended large sums of money in repairing the building and placing into it the necessary boilers and machinery for the plant, and bought, among other things, from parties other than the plaintiff herein three boilers, a Corlis engine and the necessary shafting and machinery. The work which the plaintiff did, and for which it seeks to establish a mechanic's lien in this proceeding, consisted in placing these boilers into position on foundations already erected; in repairing the boilers, which were second-hand when bought; in putting in pumps and connections with the engine; in putting in a lot of piping, heaters, dry house, and tank; also connections with the city water pipe and cistern. The testimony of the plaintiff's own witnesses was to the effect, that all the articles put in by it into the building could be removed without injury to the building *as a building*, although of course it would materially impair the usefulness of the structure for the purpose for which it was let. The lease contained a covenant on part of the lessee, whereby all engines and machinery belonging to the lessee or anyone holding under him, which were on the premises at the time of the lessee's default in the payment of rent and taxes payable under the lease, were pledged *as security* for such rent and taxes.

The section of the mechanic's lien law, which bears upon the question as to whether the work done by the plaintiff was lienable, is section 6708 of the Revised Statutes of 1889, and is as follows:

"Every building or other improvement erected, or materials furnished, according to the provisions of this article, on leased lots or lands, shall be held for the debt contracted for or on account of the same, and also the leasehold term for such lot and land on which the same is erected; and in case the lessee shall have forfeited his lease, the purchaser of the building and lease-

hold term, or so much thereof as remains unexpired, under the provisions of this article, shall be held to be the assignees of such leasehold term, and as such shall be entitled to pay to the lessor all arrears of rent or other money, interest and costs due under said lease, unless the lessor shall have regained possession of the leasehold land, or obtained judgment for the possession thereof, on account of the noncompliance by the lessee with the terms of the lease, prior to the commencement of the improvements thereon; in which case the purchaser of the improvements under this article shall have the right only to remove the improvements within sixty days after he shall purchase the same, and the owner of the ground shall receive the rent due him, payable out of the proceeds of the sale, according to the terms of the lease, down to the time of removing the building.''

This section was first adopted in 1857 (Laws 1856-57, p. 668) as part of a mechanic's lien law specially applicable to St. Louis county, but was incorporated in the general mechanic's lien law applicable to the whole state in the revision of 1865, and has remained part of said law ever since. Its meaning was first construed in *Koenig v. Mueller*, 39 Mo. 165, where it was held, among other things, that, if the improvements or additions to the premises are such as the leesee would be permitted to remove at the end of his term, they are not improvements within the meaning of this act, so as to be subject to a mechanic's lien. This definition was characterized as too broad in *Collins v. Mott*, 45 Mo. 100, but it was stated at the same time that, as applied to the facts of that case, it was strictly correct. As a tenant may at the expiration of the term, if the lease permits him to do so, remove even a buiding, and as a building is made lienable in

terms by the wording of the section, the language of the court in *Koenig v. Mueller, supra,* was unquestionably too broad, if it intended to cover buildings erected by the tenant and removable by him before the expiration of the term. The controversy in *Koenig v. Mueller* arose in regard to trade fixtures, and as those are not expressly named, either in that or succeeding sections of the law, the language used as applied to the point in judgment was correct. The question again arose for decision in *McMahon v. Vickery,* 4 Mo. App. 225, where the lessees improved certain premises by putting in shelving and a show window in front of the premises. The house did not belong to the tenants, and the court held that these improvements were mere trade fixtures, and the work and material expended on them was not lienable. The same rule was applied in *Baldwin v. Merrick,* 1 Mo. App. 281, to a removable furnace placed by the tenant into the building.

That these decisions are not only borne out by the letter of the statute, but also by its underlying principles will appear on reflection. What is the foundation of the entire mechanic's lien law? It is this: The mechanic, even while in the temporary possession of the building in course of erection, could not enforce an artificer's lien for the work and material furnished by him, because, as soon as he attaches it to the building, it ceases to be personal property, becomes attached to the freehold, and is not severable from it without the consent of the owner. But why should he be entitled to this additional lien, when his right to an artificer's lien is in no way impaired until he sees fit to part with the possession finally? As between the mechanic and owner, the law governing attachments of this character is the one which applies to fixtures between mortgagor and mortgagee; but, as between the mechanic and the tenant, it is that which applies to

fixtures between landlord and tenant. The article, if a trade fixture, remains personal property even after its attachment to the freehold, and may be levied on as such by the tenant's creditors at any time before the expiration of his lease, or while the tenant remains in possession. *Donnewalk v. The Turner Real Estate Co.*, 44 Mo. App. 350, 353. All the more so is this the law in a case like the present, where, by the express terms of lease, all engines and machinery placed in the premises by the lessee are recognized to be and remain his personal property. *Richardson v. Koch*, 81 Mo. 264.

It must be further considered that any other construction would lead to this absurd result. It is well settled law that the lien in its inception attaches to the building, if at all, when the work is done and materials are furnished. If the building is once accepted by the owner or lessee, its subsequent destruction would not displace the lien, if perfected. Hence the result in many cases' would be this: The tenant would place trade fixtures upon the land, and upon his failure to pay for them the mechanic would place a lien upon the house and leasehold. The tenant, being by law authorized to do so, could remove the fixtures, and yet the building of the owner would be bound for them, although he had never received any benefit from the fixtures, and it was never contemplated that he should. We can not conceive that the law contemplated such an absurd result.

The proper answer to the question, whether the work and material furnished by the plaintiff was lienable as against a leasehold, is dependent upon the finding whether the work was done on trade fixtures removable by the tenant, or whether it was done on a building within the meaning of that term as used in section 6708, *supra*. If the former, the work is non-lienable; if the latter, it is. Now, while the question,

whether certain attachments made by the tenant became part of the realty or not, is ordinarily a mixed question of law and fact, it is a pure question of law where all the facts are conceded. In regard to certain parts of the trade fixtures in this case, it is incontrovertible that they remained personal property of the tenant, *first*, because there was no permanent annexation, and, *next*, because it was so provided in the lease. 2 Taylor on Landlord and Tenant, sec. 554; *Richardson v. Koch, supra.* This, of itself, would be fatal to plaintiff's lien claim, because, conceding that certain items were lienable, there is nothing in the account by which the lienable items could be separated, upon an inspection of the account, from those which are not lienable. *Nelson v. Withrow,* 14 Mo. App. 270; *Gauss v. Hussmann,* 22 Mo. App. 115.

Further complications arise in this case from the fact that the lessee made an assignment for the benefit of his creditors. It appears that the plaintiff proved up the demand before the assignee, and participated in the fund in the assignee's hands, which was, in part at least, realized from a bonus paid to the lessee for surrendering the lease upon compromise between |himself and the defendant lessor. As the demand had thus passed into judgment, it is doubtful, to say the least, whether the plaintiff may still prosecute his claim in this action upon open account; and, as the plaintiff knowingly received in part the benefit of a sale of these fixtures by the assignee to the defendant owner, it is certainly, at least, doubtful whether it did not thereby waive whatever lien it ever had.

Our mechanic's lien law contemplates a proceeding upon an open account and not upon a judgment, and we have so decided, at the last term, in *LaCrosse Lumber Company v. The Audrain County Agricultural and Mechanical Association.* We have also decided

in *Kendrick v. Guthrie Manufacturing Company,** that, under the decisions in this state, an assignee's allowance is a judgment in which an open account is necessarily merged, and that, where the creditor obtains such an allowance, it may be set up in bar against proceedings by him upon the account. Such would seem to be the logical result of the decisions of the supreme court in *Eppright v. Kauffmann*, 90 Mo. 25; *Nanson v. Jacobs*, 93 Mo. 331.

It results from the foregoing that, under the conceded facts of this case, the court should have decided, as requested by the defendant owner, that, under the pleadings and evidence, there must be a judgment for the defendant on plaintiff's mechanic's lien claim. The defendant lessee has not appealed. The plaintiff, therefore, is entitled to hold its judgment against him.

The judgment of the lower court is reversed in so far as it awards a lien against the property, and is affirmed as far as it is a general judgment against the defendant, Daniel W. Haydock.

Judge Bond concurs, Judge Biggs is absent.

* This opinion will be reported in 60 Mo. App. 22.