NANZ *v.* PARK CO.

(*Knoxville.* September 30, 1899.)

1. MECHANICS' LIEN. *Construction of statutes relating to.*

Mechanics' lien statutes are strictly construed against those seeking to be admitted to their benefits, but are liberally construed as to the inclusion of property and subjecting it to the lien.

Cases cited: Barnes *v.* Thompson, 2 Swan, 314; Alley *v.* Lanier, 1 Cold., 540; Steger *v.* Ref. Co., 89 Tenn., 453; Ragon *v.* Howard, 97 Tenn., 334; Thompson *v.* Baxter, 92 Tenn., 305.

2. SAME. *Does not attach, when.*

A florist is not entitled under our statutes to a mechanics' lien upon a hotel and its adjacent grounds for his labor and material, expended, under contract with the owner, in adorning and improving the property, by grading, and graveling the grounds and walks, and by putting out flowers, shrubs, and trees, and doing other work of like character.

Code construed: § 3531 (S.); § 2739, 2740 (M. & V.); §§ 1981, 1981*a* (T. & S.).

Case cited and approved: Thompson *v.* Baxter, 92 Tenn., 305.

FROM CLAIBORNE.

Appeal from Chancery Court of Claiborne County. HUGH G. KYLE, Ch.

LUCKY, SANFORD & FOWLER for Nanz.

JESSE L. ROGERS *contra.*

WILKES, J. The Cumberland Gap Park Company owned certain real estate at Harrogate, Tenn., upon which was erected the Four Seasons Hotel. Nanz & Neuner are florists at Louisville, Ky., and made a contract with the company, in writing, to furnish and plant flowers and shrubbery, to build a rustic bridge, and grade the walks and ways about the premises, for the aggregate sum of $3,000. They carried out their contract, but received only part of the amount agreed to be paid, and there is a balance owing under the contract of $2,744.33, besides interest. Nanz & Neuner insist that they have a lien upon the buildings and grounds of the company for the amount due them by the terms and under the provisions of our statutes relating to liens of mechanics, and embodied in Sec. 3531, of Shannon's Code. The company has become insolvent, and is being or has been wound up under a proceeding in the Federal Court, and the purchaser under decrees in that cause with the company and others, is resisting the right to any lien as claimed. The Chancellor held that a lien exists under the statute for the character of work done and materials furnished in this case, and gave decree for such lien, and judgment for the amount due, and the Court of Chancery Appeals has affirmed this holding, and there is an appeal to this Court, and an assignment of error. The statute referred

to, and under which the lien is claimed, is as follows:

*"Mechanic's lien, and lien for labor and materials.*—There shall be a lien upon any lot of ground or tract of land upon which a house has been constructed, built, or repaired, or fixtures or machinery furnished or erected, or improvements made, by special contract with the owner or his agent, in favor of the mechanic or undertaker, founder or machinist, who does the work, or any part of the work, or furnishes the materials, or any part of the materials, or puts thereon any fixtures, machinery, or material, either of wood or metal, and in favor of all persons who do any portion of the work, or furnish any portion of the material for the building contemplated in this section." Shannon, Sec. 3531.

It has been held in a number of cases in this as well as in other States, that a liberal construction should be given to mechanic's lien laws. *Barnes* v. *Thompson,* 2 Swan, 314; *Alley* v. *Lanier,* 1 Cold., 540; *Steger* v. *Ref. Co.,* 5 Pick., 453; *Ragon* v. *Howard,* 13 Pick., 334; Am. & Eng. Enc. L., Vol. 15, p. 179; *White Lake Co.* v. *Russell,* 3 Am. St. Rep., 262; *Harrison* v. *Ass'n,* 19 Am. St. 229; *Dugan Stone Co.* v. *Gray,* 35 Am. St. Rep., 767.

And this liberal construction applies to the subject-matter—that is, the property to which the lien attaches and against which it may be en-

forcd. *Steger* v. *The Arctic Co.,* 5 Pick., 453. While wc recognize these rules as well established, they only apply in favor of parties who are clearly entitled to such lien under the statute. In *Thompson* v. *Baxter,* 8 Pick., 305, it is said: "The claimant must make it clearly appear that he has a lien. This lien is purely statutory and unknown to the common law. Only those enumerated and embraced in the statute are entitled to it. A liberal construction of the mechanic's lien law does not mean that they shall be liberally construed in embracing or including others than those enumerated in the statutes. No one is entitled to the lien unless the statute includes him or them. They are not to be included by strained construction. Unless the statute gives the lien, the party has none."

The mechanic's lien law being purely a creation of and regulated by statute, we can derive but little aid in the proper construction of our own statute from the decisions of other States, unless the statutes are identical in terms, which is not probably the case in any two States in the Union, nor are the holdings uniform. To illustrate: The decisions in many States hold that architects are entitled to the lien of mechanics. See cases collated. *Stryker* v. *Cassidy,* 76 N. Y., 50 (S. C., 32 Am. Reps., 262–264). But in this State it is held they are not entitled to such lien. *Thompson* v. *Baxter,* 8 Pick., 305. And

this is the holding in many cases in other States. See 32 Am. Reps., 265, 266, note.

The statutes in the several States are more or less specific in enumerating the kind of work done, labor, and material furnished, and improvements made, and in some States, in express terms, the lien is given for fences, walls, pavements, etc. But, generally, terms are used which indicate that the lien is to exist only for buildings, or some kind of structures of wood, stone, or metal erected on the land, or fixtures or machinery placed in the buildings, or connected therewith, and under such statutes it has been held that the lien does not extend to and embrace fences, walls, swings, bridges, seats, etc. See a collation of cases in *LaCrosse R. R. Co.* v. *Vanderpool,* 78 Am. Dec., 694, and notes.

Thus it has been held that a statute which gives a lien for the building, repairing, or ornamenting any house, or other building, or appurtenance thereto, gives no lien upon a lot for curbing, grading, and paving the street in front, though done under a contract with the owner of the lot. *Smith* v. *Kennedy,* 89 Ill., 485.

In Indiana, it is held that making a pavement in front of a lot, or abutting thereto, cannot be regarded in any sense as the construction or repair of a building on such lot. *Knaube* v. *Kirschem,* 39 Ind., 217; so in *Yearsley* v. *Flannagan,* 22 Pa. St., 489. When, however, the pave-

ment is laid by one who furnishes the brick and stone work about the building, including the pavement, the contract being entire, the lien will cover cost of the pavement as well as the building. *Yearsley* v. *Flannagan,* 22 Pa. St., 489; *Dugan Stone Co.* v. *Gray,* 35 Am. St. Rep., 767; *McDermott* v. *Class,* 104 Mo., 14. The same principle is applied in *Steger, Assignee,* v. *Arctic Co.,* 89 Tenn., 453. In *Henry* v. *Plitt,* 83 Mo., 237, it is held that when walks and fences are constructed under one entire contract, the mechanic has a lien for the labor and material expended on them if they are appurtenant to the building and constructed at the same time. In Oregon it was held that a person employed to grade, fill, and otherwise improve a lot in an incorporated city, has a lien for his work in that State. *Pills* v. *Collingsworth,* 20 Or., 432. But in Minnesota it is held that a mechanic has no lien for filling in and grading earth about buildings already erected, when the work does not enter into or contribute to the erection, alteration, or repair of any building or structure upon the land. *Pratt* v. *Duncan,* 36 Minn., 545 (1 Am. St. Rep., 697). Again, in *Drew* v. *Mason,* 81 Ill., 498 (25 Am. Rep., 288), it is held that furnishing and fixing a lightning rod on a house is not within the statute giving a lien for labor and materials in building, altering, repairing, or ornamenting a house. In *Pratt* v. *Duncan,* 36 Minn., 545 (S. C., 1 Am. St. Rep., 697), it

is stated that the statute of Minnesota gives a lien for the erection, alteration, or repair of any house, mill, manufacturing, or other building or appurtenances, and it was held that this language would not authorize a lien for improvements or operations on the soil merely which do not enter into or contribute to the erection, alteration, or repair of any building or structure upon the land, and which are wholly unconnected with the erection of or work upon such artificial structures. The lien in that case was claimed for earth furnished and labor done in banking up the basement and foundation walls of buildings on the premises and in filling and grading the grounds for the purpose of sodding, and the lien was in that case refused. These holdings are largely based, if not altogether, upon the special wording and phraseology of the statutes under which they are made, and while they are instructive, they are not controlling under our statute. In the present case the contention is that the lien rests upon a proper construction of the terms used in the statutes, "improvements made;" but we think it evident from a reading of the statute that the improvements therein referred to are such as buildings and structures. The latter part of the section uses the expression, "building contemplated in this section;" and this construction of these terms is strengthened by the use and the connection in which they are used in Secs. 3533, 3534, 3540,

19 P—20

3542. In Missouri, where the decisions are very liberal in sustaining and extending the lien, it has been held that the word "improvements" will not cover engines, boilers, etc. *Collins* v. *Mott,* 45 Mo., 100. In *Brown* v. *Wyman,* 56 Ia., 452 (S. C., 41 Am. Rep., 117), it is held that a person who breakes a prairie and prepares it for culti- vation is not entitled to a lien given for any building, erection, or "improvement upon the land." In this case it was said that the breaking of the prairie was an improvement of the land, and so was each annual plowing. Fertilizers cause an improvement of the land, but the party who fur- nishes them to be put into the land has no lien for furnishing such material to make the improve- ment.

In the case at bar the complainants "improved" the property by putting on it flowers, shrubs, trees, and by grading and probably graveling the grounds and walks, but they made no erections, structures, buildings, fixtures, or machinery, unless the rustic bridge may be classed as such, and there is nothing to show how or out of what it was con- structed, and it was plainly but a part of the grading and finishing the walks and drives, and an item of but little importance, as it is not separately priced and enters into other items valued at $1,200. If we should hold that a mechanic's lien exists for such work as this and such ma- terial and such improvements, we must also hold

Nanz v. Park Co.

as a logical sequence that the person who, under a contract, fells the forest trees and turns the soil and puts the land in cultivation, and thus permanently improves it, has a lien for such services, and we must also hold that the dealer who furnishes the fertilizer to improve the ground also has a lien, and that the laborer who undertakes to do clearing, ditching, and grubbing has a lien. Indeed, we can draw the line nowhere if it would include any one who does any labor or furnishes any materials to permanently improve the land at any time. We think the statute refers to erections, structures, fixtures, machinery, and buildings —things constructed upon the land—and not to the enriching of the soil and beautifying the grounds by planting flowers, shrubs, and trees on it. We are of opinion, therefore, that the Chancellor and Court of Chancery Appeals were in error in fixing a lien in this case, and their holdings are reversed and the complainants' bill is dismissed at their cost.

In this view of the case it is not necessarry to consider the other questions in the case, except to say that we do not think the proceedings in the Federal Court would prevent or estop complainants from asserting or enforcing their lien, if they had one. They are entitled to their judgment against the company with which they contracted, but must pay all costs.