The Ervin School Township v. Tapp.

No. 13,994.

THE ERVIN SCHOOL TOWNSHIP v. TAPP.

JUDGMENT.— *By Default.—Relief from.— How Obtained.*—Where a final judgment by default has been taken, the only remedy of a defendant who failed to appear before final judgment was taken, is to ask to be relieved from the judgment on account of mistake, surprise, etc.; to institute proceedings to review the judgment; or, in a proper case, to institute direct proceedings to set aside the judgment for fraud or deceit.

SAME.—*Default.—Motion for New Trial.*—An ordinary motion for a new trial is unavailing to set aside a final judgment rendered by default.

From the Howard Circuit Court.

*J. C. Blacklidge, W. E. Blacklidge* and *B. C. Moon,* for appellant.

*J. O'Brien* and *C. C. Shirley,* for appellee.

MITCHELL, C. J.—This was an action by Albert Tapp to recover the amount of four several promissory notes alleged to have been executed on behalf of Ervin township, in Howard county, in consideration of money furnished and received for the use of the township in erecting school-houses necessary for the accommodation of the pupils of the township, and for work and labor performed, and materials furnished in erecting school-houses as above.

On the second day of the March term, 1887, an interlocutory judgment of default was taken against the defendant. On the third judicial day the plaintiff's damages were assessed and final judgment rendered against the defendant as upon default for the amount found due. On the thirtieth judicial day of the same term the school township, by its attorneys, appeared and moved the court for a new trial, assigning as causes therefor that the finding of the court was not sustained by sufficient evidence, that it was contrary to law, and that the amount of the recovery allowed was too large.

The motion for a new trial was struck out and rejected by the court.   In this the court committed no error.   Conceding that the promissory note of a township is not binding upon it unless it is alleged and proved that the note was executed in consideration of money actually received and used by and for the benefit of the township, or for other supplies suitable and reasonably necessary, which have been delivered to and accepted by the corporation; and, conceding further, that after an interlocutory default has been adjudged, the defendant may appear and contest the amount of the recovery, and move for a new trial in case the evidence fails to support the finding of the court in respect to the amount of damages assessed, still these concessions afford no aid to the appellant.

A defendant against whom a default has been taken may appear at any time before final judgment, and contest the amount which the plaintiff is entitled to recover.  He may cross-examine the plaintiff's witnesses, and introduce evidence in his own behalf to reduce the amount of the plaintiff's claim.  He may also ask instructions from the court, and move for a new trial in case he deems the amount of the recovery excessive.  *Briggs* v. *Sneghan,* 45 Ind. 14.  The difficulty with the appellant's case is that there was no appearance until after final judgment.

The question here is what remedies are open to a defendant who, after having been duly summoned, fails to appear, and against whom a final judgment has been taken by default?   That he can not have relief by an ordinary motion for a new trial must be quite clear.  As has been pertinently remarked in a case altogether parallel in principle : "An application for a new trial of a case that has not been tried is an unintelligible request."  *Corwin* v. *Thomas,* 83 Ind. 110; *Fisk* v. *Baker,* 47 Ind. 534; *Reed* v. *Spayde,* 56 Ind. 394.

When a final judgment by default has been taken, the only remedy open to a defendant who failed to appear in obedience to the process of the court is either to ask to be relieved

from the judgment on account of mistake, inadvertence, surprise or excusable neglect, under the provisions of section 396, R. S. 1881, or to institute proceedings to review the judgment under sections 615, 616, R. S. 1881, in case any grounds for review exist. *Lake* v. *Jones,* 49 Ind. 297; *De Armond* v. *Preachers, etc.,* 94 Ind. 59.

Added to the remedies above mentioned, which are given by statute, is the right to institute a direct proceeding, when those provided by statute are not available, to have the judgment set aside for fraud or deceit, in case the facts warrant such a proceeding.

In the present case the only step taken in order to set the final judgment, which had been rendered by default, aside, was by an ordinary motion for a new trial. Such a motion was entirely unavailing. Besides, a motion to set aside a default upon grounds which would require the court to review the evidence upon which the judgment was rendered, will not be entertained in any case.

There was no error.

The judgment is affirmed, with costs.

