## MUTUAL RESERVE LIFE INSURANCE COMPANY v. ROSS, EXECUTOR.

[No. 6,354. Filed December 15, 1908.]

1. APPEAL.—*Default Judgment.—Attacking Complaint.*—Where an appeal is taken from a default judgment, the assignment being that the facts alleged were insufficient. the complaint will be considered as though a demurrer had been addressed thereto in the trial court. p. 622.

2. PLEADING.—*Complaint.—Insurance.—Reinsurance.*—A complaint alleging that decedent was insured by a certain policy, setting out the same, that defendant insurance company took over said insuring company's risks including that of decedent, that said

defendant notified decedent thereof, such notice directing decedent to attach it to his policy and which notice was set out in the complaint, and alleging that decedent performed all of the conditions on his part, states a cause of action, and it was unnecessary to set out the contract of reinsurance executed by the insurance companies. p. 623.

3. JUDGMENT.—*Setting Aside.*—*Excusable Neglect.*—A motion to set aside a default judgment should be overruled which alleges that the plaintiff's complaint was filed at LaFayette on May 9, that summons thereon was made returnable June 12, that default was entered June 13, no appearance having been made, the affidavits filed therewith showing that defendant's attorney received the summons at Indianapolis on May 10, that on May 17, he dictated a letter to his stenographer, addressed to the clerk of the court at LaFayette, asking for a copy of the complaint and directing the clerk to enter his appearance for defendant, but by an oversight the stenographer omitted that part directing an appearance to be entered, that he also directed his stenographer to write to an attorney at LaFayette on June 9 directing him to represent defendant, but such letter was never written, that such attorney at Indianapolis was absent from the city from June 11 to June 14, and that on June 14 he became aware of such default, the motion to set aside being filed June 15. p. 625.

4. SAME.—*Setting Aside.*—*Excusable Neglect.*—*Negligence of Attorney.*—Defendant cannot be relieved from a judgment taken by default, on the ground of the neglect of his attorney, unless such attorney acted with the prudence ordinarily exercised by a man about his important business. p. 627.

From Superior Court of Tippecanoe County; *Henry H. Vinton,* Judge.

Action by Albert R. Ross, as executor of the last will of Alexander Ross, deceased, against the Mutual Reserve Life Insurance Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Guilford A. Deitch,* for appellant.
*Joseph B. Ross* and *George D. Parks,* for appellee.

MYERS, J.—The appellee, executor of the last will and testament of Alexander Ross, deceased, recovered judgment by default against the appellant. It is assigned here 1. that the complaint does not state facts sufficient to constitute a cause of action. The judgment being by

default upon the failure of the defendant to appear, such assignment tests the complaint with all the strictness of a demurrer in the court below for the same cause. *Erhardt* v. *Pfeiffer* (1902), 29 Ind. App. 570; *Sloan* v. *Faurot* (1895), 11 Ind. App. 689; *Migatz* v. *Stieglitz* (1906), 166 Ind. 361.

The complaint alleged the death of the testator, and that letters testamentary were issued to appellee in September, 1905; that at the time of his death the testator was

2. the owner and in possession of a policy of insurance on his life for $5,000, issued by the Northwestern Life Assurance Company of Chicago, Illinois, and payable at his death to his wife, or, if she should not survive him, to his executors, administrators or assigns; that on or about August 21, 1900, said Northwestern Life Assurance Company merged and consolidated with the Mutual Reserve Fund Life Association of New York; that on September 10, 1900, said last-named association sent to the testator a written notice, which was received by the latter, of the following tenor:

"New York, September 1, 1900.

To Alexander Ross, of Lafayette, Indiana,
Holder of policy No. 148,804.

This is to certify that at a meeting of the members of the Northwestern Life Assurance Company, held on September 1, 1900, at Chicago, Illinois, all living members of said company in good standing, as shown by the books of said company upon said day, were transferred to the Mutual Reserve Fund Life Association, of New York. Said association accepts into membership as of that date (September 1, 1900) all such living members, transferred as provided in said contract of transfer, and will carry out the policy contract of each of such members in the manner provided in, and subject to, the terms and conditions of said contract of transfer, so long as said member shall on his part pay his premiums, comply with all the terms of said contract of transfer of the above-numbered policy, of the constitution and by-laws of said association, as they now exist or may hereafter be amended, and the laws of the state of New York, it being expressly understood and provided that the terms of said contract of transfer shall at all times measure

and determine the extent of the obligation assumed by said association under each policy.

                        Mutual Reserve Fund Life Association,
Attest:                 Frederick A. Burnham, president.
    Charles E. Camp, secretary.

N. B.—Contract of transfer makes no change in the premium rate required or amount of lien under your policy, numbered as above, issued by the Northwestern Life Assurance Company.''

It was also alleged that on or about April 17, 1902, said Mutual Reserve Fund Life Association was reincorporated under the name of the Mutual Reserve Life Insurance Company, which ''is identical with the Mutual Reserve Fund Life Association;'' that the wife of the testator, the beneficiary, died before his death; that the insured ''fully and completely performed all the conditions and agreements of said contract of insurance, which he was required to perform,'' and that the appellee had ''performed all the conditions and agreements of said policy fully and completely.'' A copy of the policy sued on in this action was made an exhibit. Other provisions of the contract need not be stated for the purpose of this case.

It is contended on behalf of the appellant that the foundation of the action is the contract of transfer referred to in the written notice set out in the body of the complaint, and that a copy of that contract should have been filed with the complaint as an exhibit. The appellee points out that this contract is nowhere in the complaint alleged to be in writing, and that, for the purpose of pleading, it was not necessary under the statute to file a copy. It is further contended for the appellant that if the contract in question be taken to be an oral contract, its terms or provisions should nevertheless have been stated.

The written notice of the making of the contract of transfer was executed by the appellant and was sent by it to the insured with written directions to him to attach it, as a rider, to the policy already in his possession. When so attached it

became a part of the policy, and the two papers together constituted a policy of the appellant. The terms of the transfer and consolidation were not set forth in the written notice, which indicated to the insured that all that was necessary to the creation of a contract of insurance between the appellant and the testator was to make the notice a rider to the policy of the merged company. No question as to the capacity of the appellant to assume such liability is presented for decision. It will not be presumed that it had no capacity to insure the testator on the terms indicated in the notice, and we are of the opinion, upon the point here in controversy, that the so-called contract of transfer, even though in writing, should not be regarded as a necessary exhibit in a suit upon the policy adopted by the appellant in its notice to the insured. At best, it was no more necessary than the application of the insured, or the constitution and by-laws of the association, or the laws of the state of New York, mentioned in the written notice. *Penn Mut. Life Ins. Co.* v. *Norcross* (1904), 163 Ind. 379; *Bird* v. *St. John's Episcopal Church* (1900), 154 Ind. 138; *Continental Life Ins. Co.* v. *Kessler* (1882), 84 Ind. 310.

Looking to the next question presented by the record, we find the complaint was filed May 9, 1906. The summons was returnable June 12, 1906. On June 13, 1906, the appellant having failed to enter an appearance, judgment was rendered against it upon its default. The appellant's motion filed June 15, 1906, to set aside the default and judgment was overruled, and this ruling is assigned as error. In the appellant's brief the facts upon which such relief was sought, as set forth in the affidavits filed in support of the motion, are stated thus: "These affidavits state in substance the following facts: That on May 10, 1906, the appellant sent a copy of the summons to its attorney in Indianapolis, with the request that he enter his appearance in the cause; that on May 17, 1906, this at-

torney dictated a letter to his stenographer, addressed to Mr. Quincy A. Earl, clerk of the court, as follows: 'Please send me copy of the complaint in the above-entitled cause, omitting all exhibits, and enter my appearance for the defendant, together with your memorandum for charges of same, and I will remit;' that by inadvertence the stenographer omitted in said letter the following: 'And enter my appearance for the defendant;' that on June 9, 1906, said attorney directed his stenographer to write to Mr. Randolph, an attorney in LaFayette, to enter his appearance, together with that of the writer in said case; that appellant's attorney was absent from his office on June 11-13 inclusive, and did not learn until June 14 that his stenographer had neglected to write the letter last mentioned; that immediately said Randolph was communicated with, and it was learned that a default had been taken on June 13.''

With the motion to set aside the default, answers of the appellant to the complaint were tendered to the court, setting forth the appellant's defense, the substance of which the brief purports to state.

Appellant's motion is based upon §405 Burns 1908, §396 R. S. 1881, which reads as follows: ''And shall relieve a party from a judgment taken against him, through his mistake, inadvertence, surprise, or excusable neglect.'' Appellant and its attorney had notice at least on May 17 that the return day of the summons was on June 12, and unless an appearance was entered appellant would be defaulted. It does not appear that anything occurred between May 17 and June 13 to mislead appellant or its attorney, or to cause either of them to disregard the notice which had been received. The excuse offered for the failure to appear is that appellant's attorney, on May 17, dictated a letter to his stenographer addressed to the clerk of the court, requesting such clerk to enter his appearance of record, and that the stenographer failed to include in the letter such request, and therefore said attorney's appearance was not entered.

Whether appellant's attorney signed or read the letter is not shown, but if such a letter as was dictated had been received by the clerk, we are not prepared to say that such instructions alone were sufficient to show an appearance, which would have precluded a default. *McCormack* v. *First Nat. Bank, etc.* (1876), 53 Ind. 466, 471; *Cassady* v. *Reid* (1836), 4 Blackf. 178; *Craig* v. *Glass* (1848), 1 Ind. *89. As it is unnecessary to pass upon this question in the decision of the case now before us, we refrain from expressing an opinion upon it. The clerk was not requested by appellant's attorney to enter his appearance, and there is nothing in the record to warrant the attorney in believing that his appearance had been noted.

During the interval between May 17 and June 13 neither the appellant nor its attorney appears to have taken any steps to ascertain whether an appearance was entered. It does appear that on June 9, and while there was still ample time, appellant's attorney directed his stenographer to write to an attorney at LaFayette, and from June 11 to 14 he was absent. The last letter was not written. For aught that appears, the attorney was in his office on June 10, and no excuse is shown for the neglect of counsel to see to it that his instructions to his stenographer were obeyed, or to make the request to the attorney at LaFayette by other means. Nor is there any explanation for his absence from his office on the days mentioned, or facts shown which would justify this court in saying that appellant by its counsel was clearly excusable in not appearing in the Superior Court of Tippecanoe County on June 12 or 13. On the hearing of such a motion it should be made to appear that the attorney gave the matter at least such attention "as a man of ordinary prudence gives to his important business." *Carr* v. *First Nat. Bank* (1905), 35 Ind. App. 216, 111 Am. St. 159. Such a motion is addressed to the judicial discretion of the trial court; and, unless we can say that upon the record before us there appears to have been an abuse of

such discretion, whereby there has been undue interference with the course of justice, the judgment of the lower court will not be disturbed on appeal.

Judgment affirmed.