## COSTELLO ET AL. v. WALLACE.

[No. 22,943. Filed December 14, 1915. Rehearing denied May 16, 1916.]

JUDGMENT.—*Default.—Petition to Set Aside.—Findings.—Conclusiveness.*—A finding of fact against defendants on their petition to vacate a judgment taken against them on default, having some evidence to support it, is conclusive on appeal.

From Superior Court of Marion County (87,274); *John J. Rochford*, Judge.

Action by Frank Wallace against Michael Costello and another. From a judgment for plaintiff, defendants appeal. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Affirmed.*

*John W. O' Hara, W. W. Thornton* and *F. F. James*, for appellants.

*Henry Seyfried* and *Chas. P. Tighe*, for appellee.

LAIRY, J.—Appellee obtained a judgment against appellants in the superior court for damages on account of personal injuries. The judgment was rendered on default on January 28, 1913, and on February 5, 1913, appellants filed their petition to set aside the judgment and default and to be permitted to defend. Appellee filed an answer to this petition in general denial. The issue thus joined was tried by the court upon affidavits and oral testimony and a decision was rendered in favor of appellee The trial court denied the prayer of appellants' petition and refused to set aside the judgment and default and this ruling is assigned as error on appeal.

The application of appellants was based upon §405 Burns 1914, §396 R. S. 1881, and states as a ground for relief that neither of them had any actual notice that this action had been filed against them or that it was pending until February 3, 1913, on which day they were notified by the attorney for appellee of the judgment that had been rendered against them. The application stated that defendants had a valid defense to the cause of action stated in the complaint together with a statement of the facts constituting such defense, and no claim is made on behalf of appellee that the facts stated in the application are not sufficient to warrant the relief prayed.

By the application and the general denial addressed thereto, an issue of fact was presented for the decision of the trial court. In deciding that issue, the court apparently found that the appellants did have actual notice of the pendency of the action in time to have interposed their defense. There is some evidence upon which this finding can rest and that is sufficient to sustain it on appeal.

Judgment affirmed.

NOTE.—Reported in 110 N. E. 660. See, also, 4 C. J. 847; 3 Cyc 366.