## HOAG ET AL. *v.* JEFFERS.

[No. 25,551.   Filed January 26, 1928.   Rehearing denied July 3, 1929.]

250

*Bingham & Bingham,* for appellants.
*LaFollette & Brill,* for appellee.

TRAVIS, J.—This is an action by appellants against appellee by complaint (denominated within itself a motion) under and by virtue of §423 Burns 1926, for relief from a judgment taken against appellants through their mistake, inadvertence, surprise, and excusable neglect, which judgment followed an order of default upon appellants by the court.

Appellee, by his amended complaint, sued appellants and others in an action of tort for damages. The original complaint having been filed on July 8, 1925, and summons issued and served upon appellants, which summons was to appear on September 7, 1925. Thereafter, on November 6, 1925, after the filing of the amended complaint, the court entered its order that appellants Hoag, Darnall and Rose answer by November 13, 1925. The appearance of these three appellants had been entered by appellant Hoag as attorney for himself and the other two. Appellant Hays had entered no appearance in the action. December 17, 1925, appellant Hays was defaulted for non-appearance, and appellants Hoag, Darnall and Rose defaulted upon their failure to comply with the order of the court to answer the complaint. Thereupon, the same day, after the defaults were entered, evidence was heard and the court being duly advised in the premises, made and entered its finding for plaintiff against the defendants in the sum of $2,275 with costs, and judgment followed upon the finding by the court. The prayer of the complaint asked for $2,500. Appellants appeared before the court January 2, 1926, and filed their complaint (denominated by them a motion) and asked that the default theretofore entered by the court be set aside, and that the judgment entered upon said default be set aside, and the appellants be permitted to file answer in general denial to said complaint. The complaint by appellants, by which they sought to have the judgment of default and judgment in damages set aside, was based solely on account of mistake, inadvertence, surprise and excusable neglect on the part of them and each of them, based upon the facts as stated in their complaint, and that appellants have a meritorious defense.

There is but one question before the court upon this appeal, which question is based upon the judgment of

the court in favor of the appellee and against appellants refusing to set aside the default and judgment by default.

Under the statute now in force (§423 Burns 1926), as under former statutes somewhat similar in effect (§396 R. S. 1881), to obtain relief from a judgment taken against a party by virtue of the action granted him by this statute, two things must concur: (1) The judgment taken against the judgment defendant through his mistake, inadvertence, surprise or excusable neglect; and (2) his showing by his complaint that he has a meritorious defense to the cause of action upon which the judgment against him was founded. *Woodard* v. *Killen* (1925), 196 Ind. 570, 148 N. E. 195; *Nash* v. *Cars* (1883), 92 Ind. 216; *Nord* v. *Martey* (1877), 56 Ind. 531, 535; *Buck* v. *Havens* (1872), 40 Ind. 221; *Hill* v. *Crump* (1865), 24 Ind. 291, 294; *Rooker* v. *Bruce* (1908), 171 Ind. 86, 89, 85 N. E. 351.

This question is presented by a bill of exceptions of the evidence heard by the trial court to sustain the complant to set aside the judgment. Appellant Hoag testified that his occupation was that of an attorney at law. Although admitted to practice in 1908, he could not tell how long he had been practicing at the bar of Marion County, and testified that he had not practiced much in the courts since 1917. He remembered that the summons in the case upon which the judgment against him was founded was served upon him, and that thereafter his codefendants authorized him as their attorney to appear in the cause of action against them and file answer. On November 6, 1925, he (Hoag) went to the clerk's office in the court house and entered his appearance for himself and his codefendants except his codefendant Hays. And the reason he did not enter his appearance for Hays was that he must have overlooked it when he was writing his name and the names of the other codefendants. According to custom recognized

by the court, the clerk sent notices to attorneys or parties of rules against them to plead. November 6, 1925, the court ruled that the defendants answer the complaint against them by November 13, 1925. The evidence shows that notice of this order was mailed in the United States postoffice directed to Hoag. He claims he never received this notice, but cannot say that it was not delivered to the place of business where he was employed. He never again went to the clerk's office or court house until December 28, 1925, after it had been told to him by one of his codefendants that a judgment had been taken against them by default. By the evidence of appellant Hoag, it is also shown clearly that he was not in the practice of law at the time he entered his appearance for himself and his codefendants, but that he spent practically all of his time in a music store at 134 North Pennsylvania Street, Indianapolis, Indiana, and that he was an officer of the company which did business at that address.

It is not the duty nor privilege of this court to weigh the evidence in such cases as the one at bar, any more than it will weigh evidence in other appeal cases. *Nash* v. *Cars, supra.*

It is the function of the trial court to decide the question whether or not the default judgment in the particular case must be set aside, which action requires it to determine the sufficiency of the evidence which bears upon the question of the mistake, inadvertence, surprise or excusable neglect of the plaintiff. *United States Fidelity, etc., Co.* v. *Poetker* (1913), 180 Ind. 255, 102 N. E. 372, L. R. A. 1917B 984.

A judgment by default, regular upon its face, is presumed to be clothed with the presumption that it was properly entered, when the record does not show anything inconsistent with such presumption. Freeman, Judgments (5th ed.) §1297; *Doyle* v.

*Hampton* (1911), 159 Cal. 729, 116 Pac. 39; *Evans* v.
*Young* (1887), 10 Colo. 316, 3 Am. St. 583, 15 Pac. 424;
*Anderson* v. *Gray* (1890), 134 Ill. 550, 25 N. E. 843, 23
Am. St. 696; *Hotchkiss* v. *Cutting* (1869), 14 Minn. 537;
*Fogg* v. *Gibbs* (1875), 8 Baxter (Tenn.) 464; *Anderson* v.
*Doolittle* (1893), 38 W. Va. 629, 18 S. E. 724; *Schmidt* v.
*Stolowski* (1905), 126 Wis. 55, 105 N. W. 44.

If there be any evidence to support the finding upon the
issue of fact to set aside the default and the judgment
by default, upon appeal, the finding will be
sustained. *Costello* v. *Wallace* (1915), 184 Ind.
734, 110 N. E. 660.

There is no conflict in the record evidence of the fact
that appellants slept upon their rights which the law
provided for their self protection.

It is the opinion of the court that the evidence upon
the question of mistake, inadvertence and excusable neg-
lect is sufficient to sustain the finding of the court
and that the trial court did not err in determining
the sufficiency of the evidence in support of the
finding.

Appellants attempt to present the question of the
legality of the finding and judgment which followed the
default of the defendants in the case wherein ap-
pellee was plaintiff and appellants here were de-
fendants. That question is sought to be pre-
sented by motion for a new trial of that case. As to
appellant Hays, he had been duly summoned and failed
to appear in obedience to the summons. His only
remedy lies by virtue of the statute §423, *supra*, on ac-
count of his mistake, inadvertence, surprise, or excusable
neglect or to institute proceedings to review the judg-
ment under other recognized methods. He will not be
heard in an attack upon the judgment by the method of a
motion for a new trial. *Ervin School Tp.* v. *Tapp* (1890),
121 Ind. 463, 23 N. E. 505.

As to the other three appellants, who sought to present the same questions as did appellant Hays by their separate and several motions for a new trial, the ▮▮ motion for a new trial has no basis in law, for the reason that there was no trial. The fact, if it be a fact, that, after the formal proceeding in open court defaulting the defendants, the court, before rendering judgment, heard evidence upon which to base its finding of the amount of damages, is not a proceeding in the nature of a trial that gives to the losing party the right under the statute to present errors of the court by way of motion for a new trial. *Corwin* v. *Thomas* (1882), 83 Ind. 110; *Houser* v. *Laughlin* (1914), 55 Ind. App. 563, 572, 104 N. E. 309.

The interlocutory judgment of default and the judgment in the main case upon default were entered successively at the same session of the court. Time was not granted after judgment of default in which appellants might have filed answer to contest the amount of award of damages, in which case, had the three appellants so contested upon a trial of that issue, alleged errors based upon objections and exceptions might then have been presented by a motion for a new trial. Overruling the motion for a new trial was not error.

Judgment affirmed.

Martin, J., did not participate in the decision of this appeal.