## HECK ET AL. *v.* WAYMAN.

[No. 14,149.   Filed February 17, 1932.]

*Philip Lutz, Jr.,* and *Caleb J. Lindsey,* for appellants.
*Ora A. Davis, Albert W. Funkhouser* and *Arthur F. Funkhouser,* for appellee.

NEAL, J.—Eugene R. Wayman, plaintiff below, filed his complaint in two paragraphs in the Warrick Circuit Court against Walter E. Heck and Pearl A. Heck, defendants below, asking that his title to 270 acres of land in Warrick County be quieted as against them; appellants, defendants below, were ruled to answer, and, upon their failure to comply with the rule to answer, judgment quieting title was rendered and entered in favor of plaintiff; thereafter, at the same term of court, the default judgment was rendered and entered, and defendants, under the original case to quiet title, filed a pleading denominated by them "affidavit and motion to set aside a default." · Plaintiff appeared, affidavits were filed both by the plaintiff and defendant, evidence was heard, and the trial court refused to vacate and set aside the judgment. The order-book entry reads in part as follows: "Comes now the plaintiff by his attorneys . . .

and come the defendants by their attorneys . . . and the court having had under advisement the defendants' motion to set aside the default and judgment rendered and entered and being now duly advised overrules said motion of the defendants to set aside said default and judgment, to which ruling of court each of said defendants separately and severally excepts. It is therefore ordered, adjudged and decreed by the court that the default and judgment hereinbefore entered be not set aside and that the defendants take nothing on their motion to set aside said judgment and default. And the defendants now each pray an appeal to the Appellate Court of Indiana, and ask 90 days in which to prepare and file bill of exceptions and 90 days time is given defendants to prepare and file their bill of exceptions."

Appellants have assigned many errors, many of which are waived. We mention the following assigned errors which, in our judgment, are sufficient to present the several propositions of law which are hereinafter mentioned and discussed in this opinion: (a) "The second paragraph of plaintiff's complaint herein does not state facts sufficient to constitute a cause of action"; (b) the court erred in refusing to set aside the default judgment rendered by it in said cause; (c) the court erred in refusing to extend the time for the filing of the bill of exceptions containing the evidence; (d) the court erred in overruling the appellants' motion for a new trial. We will proceed to consider each of the errors as assigned in their reverse order.

No error is available to appellants in overruling their motion for a new trial, which errors are addressed to the default judgment, when the causes therein stated are (1) that the decision of the court is not sustained by sufficient evidence; (2) that the decision is contrary to law. In the case of *Ervin School Tp.* v. *Tapp* (1890), 121 Ind. 463, 23 N. E. 505, the Supreme

Court, by Mitchell, C. J., said: "The question here is what remedies are open to a defendant who, after having been duly summoned, fails to appear, and against whom a final judgment has been taken by default? That he can not have relief by an ordinary motion for a new trial must be quite clear. As has been pertinently remarked in a case altogether parallel in principle: 'An application for a new trial of a case that has not been tried is an unintelligible request.' " The Supreme Court in *Hoag* v. *Jeffers* (1928), 201 Ind. 249, 159 N. E. 753, gave expression to the same views as above set forth.

The court did not commit error in refusing to extend the time for filing a bill of exceptions. The record conclusively shows that "the time for the hearing" was not set "for a day prior to the expiration of the first time given as required by the statute."

Appellants' so-called motion to set aside the default judgment will be considered a complaint. (Acts 1921, ch. 115, p. 277, §423 Burns 1926.) See *Hoag* v. *Jeffers, supra; Globe Mining Co.* v. *Oak Ridge Coal Co.* (1922), 79 Ind. App. 76, 134 N. E. 508. The appellees appeared, trial was had, evidence was introduced, and the court rendered judgment to the effect that the default judgment should not be set aside. Appellants prayed an appeal. It is now well settled that the judgment of the trial court refusing to vacate the default judgment was final, and an appeal lies therefrom. *Indiana Travellers', etc., Assn.* v. *Doherty* (1919), 70 Ind. App. 214, 123 N. E. 242; *Hoag* v. *Jeffers, supra; Ayrshire Coal Co.* v. *Thurman* (1920), 73 Ind. App. 578, 127 N. E. 810, 128 N. E. 764.

In the case of *Hoag* v. *Jeffers, supra,* Travis, J., speaking for the court, said: "It is the function of the trial court to decide the question whether or not the default judgment in the particular case must be set aside, which action requires it to determine

the sufficiency of the evidence which bears upon the question of the mistake, inadvertence, surprise or excusable neglect of the plaintiff." The evidence is not in the record. We must presume that the action of the trial court was correct, and there was some evidence to sustain the finding of the court.

Appellants forcefully contend that this is an appeal from the default judgment; that the error assigned that the second paragraph of complaint to quiet title does not state facts sufficient to constitute a cause of action is proper and that this court must consider the same in this appeal. Section 343 R. S. 1881 reads in part as follows: "Where any of the matter enumerated in section eighty-five (§339) do not appear upon the face of the complaint, the objection (except for misjoinder of causes), may be taken by answer. If no such objection is taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, . . . except the objection that the complaint does not state facts sufficient to constitute a cause of action." This section (§348 Burns 1881) as amended in 1911 Acts 1911 p. 415, §3, §366 Burns 1926) now reads: "If no objection is taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, except only the objection to the jurisdiction of the court over the subject of the action," etc. Since the amendment of this section, the sufficiency of a complaint cannot be questioned by an independent assignment of error on appeal that the complaint does not state facts sufficient to constitute a cause of action. *Wagner* v. *Wagner* (1915), 183 Ind. 528, 109 N. E. 47; *Cleveland, etc., R. Co.* v. *Markle* (1918), 187 Ind. 553, 119 N. E. 371. In *Wright* v. *J. R. Watkins Co.* (1928), 86 Ind. App. 695, 159 N. E. 761, this court used language as follows: "The only valid grounds which appellant present for their motion in arrest of judgment is that the complaint does not

state facts sufficient to state a cause of action, but, as stated above, this objection has been waived by the failure of appellants to demur to the complaint for that reason."

It is true that, prior to the amendment as heretofore set forth, the Supreme Court repeatedly held that, in an appeal from a default judgment, the sufficiency of the complaint could be challenged in the first instance, in this court, by a proper assignment of error that it did not state facts sufficient to constitute a cause of action. *Migatz* v. *Stieglitz* (1906), 166 Ind. 361, 77 N. E. 400; *Mutual Reserve Life Ins. Co.* v. *Ross* (1908), 42 Ind. App. 621, 86 N. E. 506. But, since the amendment as above set forth, a default judgment, regular upon its face, cannot now be challenged in this court by an independent assignment of error that the complaint does not state facts sufficient to constitute a cause of action. Neither can it be attacked by a motion for a new trial. Of course, if it appears upon the face of the complaint that the court does not have jurisdiction of the subject-matter, such question can be raised on appeal. However; there is but one question before the court by virtue of the appeal and that is the judgment of the court in favor of the appellee and against appellants in refusing to set aside the default judgment. The evidence not being in the record, the sufficiency of the same cannot be considered.

Judgment affirmed.