INDIANAPOLIS POWER & LIGHT COMPANY *v.* WALTZ.

[No. 15,511. Filed January 25, 1938.]

*John G. McNutt* and *John E. Scott,* for appellant.

*Remy & Remy,* for appellee.

LAYMON, C. J.—This is an appeal from a default judgment, rendered against appellant, awarding damages in favor of appellee. The amended complaint filed on May 24, 1934, alleged in substance: Ownership by appellee of certain property situated in the city of Indianapolis, upon which property he lived and resided; that appellant owned and operated certain wires carrying a current of electricity which were suspended over the property of appellee; that in the year 1926, appellee had on his property two trees; that appellant represented that it would be necessary to trim these trees, and, if permitted, the trimming would be done in a successful and expert manner and without injury to them; that appellee acceded to this request and appellant continued to trim said trees every year to and including the year 1933; that through and by the negligence of appellant in trimming said trees, the trees died, resulting in damage to appellee's property in the sum of $500. A motion to make the amended complaint more specific was filed by appellant, and this motion was overruled on July 24, 1934, at which time appellant was ruled to

answer said complaint on or before August 2, 1934. On November 2, 1934, appellant having failed to discharge said rule to answer on or before August 2, 1934, a peremptory rule to answer by November 9, 1934, was made, and an entry thereof was made by the clerk of the court upon the issue docket. At the same time appellant was notified by mail of said rule to answer. Before November 9, 1934, which was the date fixed in the peremptory rule for appellant to answer, appellant's attorneys acknowledged receipt of the notice from the clerk by applying for and receiving an extension of time until November 16, 1934, in which to answer the complaint. This extension was entered by the clerk upon the issue docket. Appellant failed to discharge said peremptory rule to answer or to comply with said rule as extended at its request, and, on November 22, 1934, appellee appeared in court and made inquiry concerning appellant's failure to answer, whereupon the court defaulted the appellant and entered judgment in favor of appellee. On November 28, 1934, appellant filed a motion to vacate and set aside this judgment. This motion was overruled, and appellant then filed a motion for a new trial, which was also overruled, and this appeal followed. The errors properly assigned are: That the court erred in overruling the motion to make the amended complaint more specific; that the court erred in defaulting the appellant and entering and rendering a judgment in favor of the appellee and against the appellant upon such default on the 22nd day of November, 1934; that the court erred in overruling appellant's motion to vacate and set aside the default and the judgment rendered thereon; and that the court erred in overruling appellant's motion for a new trial.

Appellant complains of the court's ruling on its motion to make the complaint more specific. Under the

code of procedure of this state, a plaintiff is required to plead the facts constituting his cause of action "in plain and concise language . . . and in such manner as to enable a person of common understanding to know what is intended." Section 2-1004 Burns 1933, §110 Baldwin's 1934. This statute does not require, however, more than is reasonably necessary to fully and distinctly inform the defendant of what he is called upon to meet. *Pittsburgh, etc., R. Co.* v. *Simons* (1907), 168 Ind. 333, 79 N. E. 911; *Haskell, etc., Car Co.* v. *Trzop* (1920), 190 Ind. 35, 128 N. E. 401. Furthermore, if a motion to require a pleading to be made more specific might properly be sustained, the action of the court in overruling the motion is not always reversible error. Such action on appeal will be upheld unless it appears that the complaining party has suffered from such ruling. *Haskell, etc., Car Co.* v. *Trzop, supra.* From the record it is apparent that the ruling on this motion was not reversible error.

Appellant has attempted to assign as error "that the amended complaint does not state facts sufficient to constitute a cause of action." Since the act of 1911 (sec. 2-1011 Burns Revised Statutes 1933, §115 Baldwin's 1934), which is an amendment to the Acts of 1881 (Spec. Sess.) ch. 38, sec. 89, the sufficiency of a complaint cannot be questioned by an independent assignment of error on appeal that the complaint does not state facts sufficient to constitute a cause of action, nor can the sufficiency of a complaint for the first time be questioned in this court in an assignment of error on appeal. This statute is applicable to an appeal from a default judgment. *Heck et al.* v. *Wayman* (1931), 94 Ind. App. 74, 179 N. E. 785; *Second Nat. Bank of Robinson, Ill.* v. *Scudder et al.* (1937), 212 Ind. 283, 6 N. E. (2d) 955.

Complaint is made of the court's action in defaulting the appellant on the 22nd day of November, 1934, and entering a judgment on such default in favor of appellee.

The statute (section 2-1102 Burns 1933, §178 Baldwin's 1934), provides: "If, from any cause, either party shall fail to plead or make up the issues within the time prescribed, the court shall forthwith enter judgment as upon a default, unless, for good cause shown, further time be given for pleading, on the payment of the costs occasioned by the delay."

In the case of *Rooker* v. *Bruce* (1908), 171 Ind. 86, 88, 85 N. E. 351, the court said: "The dispatch of business by courts would be impossible, and intolerable delays would result, without some rules governing the practice, and designed to expedite the transaction of business. In the absence of statute, courts of record have inherent power to make and enforce reasonable rules for the regulation of their business. *State* v. *Van Cleave* (1902), 157 Ind. 608, [62 N. E. 446]; *Smith* v. *State ex rel.* (1895), 140 Ind. 340, [36 N. E. 708]; *Vail* v. *McKernan* (1863), 21 Ind. 421; *Lynch* v. *State* (1857), 9 Ind. 541; 11 Cyc. 740; 8 Am. and Eng. Ency. Law (2d ed.) 29."

The municipal court of Marion County is expressly authorized to adopt rules for conducting the business of such court provided they are not repugnant to the laws of this state. Section 4-2505 Burns 1933, §1720 Baldwin's 1934.

In the instant case, either under our civil code or the rules adopted by the municipal court of Marion county, the trial court was authorized to default the appellant for failure of appellant to file an answer within the time fixed by the court, and there was no error in entering judgment on such default.

Appellant insists that the term "within the time prescribed" as used in section 2-1102 Burns 1933, §178 Baldwin's 1934, has reference only to the provisions as set out in the preceding section (§2-1101 Burns 1933, §177 Baldwin's 1934), and that the cause should be set for trial before a judgment could be entered on default. This contention is not tenable. The phrase "within the time prescribed" refers to the time prescribed by the court. In the case of *Lilly et al.* v. *Dunn, Adm'r, et al.* (1884), 96 Ind. 220, 228, the court said: "This section [§2-1102] confers upon courts the power, and, in the absence of cause shown to the contrary, makes it their duty, to enter judgment as upon default against any party who fails to plead, or to do his part in making up the issues, in a cause, within the time prescribed by the court, and that without reference to the state of the pleadings in other respects. In the very nature of things the entry of judgments for the failure to plead, or to do what is necessary in making up issues, rests very much in the discretion of the *nisi prius* courts."

The judgment in this case being entered upon default, there was no trial in the true acceptation of the term, and a motion for a new trial could present no question for review. *Rooker* v. *Bruce, supra.* Finding no reversible error, the judgment is affirmed.