CARSON, RECEIVER *v.* PERKINS

[No. 27,463. Filed November 8, 1940.]

*Robert D. Markel,* of Evansville, for appellant.
*William L. Mitchell,* of Evansville, for appellee.

FANSLER, J.—The appellee brought this action to recover for damages to his automobile resulting from a collision between the automobile and the appellant's interurban car which was being operated in Second Street in the City of Evansville. The appellant's demurrer to the complaint was overruled. Thereafter, having failed to answer within the time allowed by the court, the appellant was defaulted, and the cause was set for trial for the purpose of determining the amount of damages. Upon the day before the date assigned for trial, the appellant appeared in court and filed his verified motion for a change of judge upon the grounds of bias and prejudice.. It is stated in the affidavit and motion that the appellant did not have knowledge of the facts until the time of making the affidavit, and that the same was made and filed at the first opportunity after acquiring information. On the day of trial the change of judge was denied, and appellant excepted. The court then heard evidence on the amount of damages, and found for the appellee in the sum of $200, for which judgment was thereafter entered.

The appellant has assigned as error the overruling of his demurrer and the denial of his motion for a change of judge. The demurrer was for want of facts.

The complaint recites the facts at great length. It alleges that the appellee's daughter drove the automobile into the intersection of College and Second Streets, intending to make a left turn in the intersection and to proceed northwardly; that an automobile was parked along the curb; that his daughter made a square turn in the intersection, and that it appeared to her that she would be unable to clear the parked automobile; that she therefore brought the automobile to a stop on the interurban tracks in the intersection; that, observing the appellant's interurban car approaching, she endeavored to put the automobile in reverse in order thereby to back the automobile into a place of security; that at the time the interurban car was about 200 feet from the intersection; that the operator in charge of the interurban car failed to maintain a lookout for traffic in the highway in front of the interurban car; that the automobile was within the clear and uninterrupted view of the operator of the interurban car for more than 200 feet; that the operator made no effort or attempt to slow down or slacken the speed of the interurban car; that he saw the automobile and knew of its presence on the tracks from the time the interurban car was in excess of 200 feet from the point of collision; that he operated his interurban car into and against the automobile without using ordinary care; that had he applied the brakes and exercised the mechanism of the car to bring it to a stop when he knew of the peril of the appellant's daughter and the automobile which she was driving, he could have brought the interurban car to a stop in time to have avoided the collision.

The appellant contends that the complaint proceeds upon the "last clear chance" theory, and does not state

a cause of action within that rule. We cannot concur in this view. The "last clear chance" doctrine involves negligence upon the part of the plaintiff. It cannot be said as a matter of law that the complaint in this case shows that the appellee's daughter was negligent. Those who travel a street on which a street railway or interurban railway is in operation have as good a right to the use of that portion of the street occupied by the tracks as any other part, provided they act with due regard for the convenience and safe moving of the cars, and it is the duty of the operator of a car using the tracks located in the streets to exercise reasonable care to avoid injuring persons rightfully using the street. The speed of street cars and interurban cars must be regulated to the necessities of traffic conditions, the same as the speed of automobiles, and the operator of the street car or interurban car is required to keep a look-out for other vehicles, and to use reasonable care to avoid collisions and keep his car under control, and failure to do so is negligence. Traffic conditions sometimes block traffic, and the operators of automobiles find themselves unable to move forward or off of street car tracks, and still they are not necessarily chargeable with negligence on account of being on the tracks. The operator of an interurban or street car may not ignore the possibility of being confronted with such a situation, and the company be held free from liability merely because the motorman did not see the position of the automobile and know that it would not be removed in time to get his car under control so as to avoid striking it. There was no error in overruling the demurrer.

There was no motion for a new trial below, but the appellant has sought, by independent assignments of

error, to question the ruling of the court upon his motion for a change of judge.

It has been said, upon authority of *Goodrich et al.* v. *Stangland et al.* (1900), 155 Ind. 279, 58 N. E. 148, that the overruling of a motion for a change of venue constitutes no ground for a motion for a new trial where the judgment was rendered upon a default, and, under such circumstances, the ruling on the motion for a change of venue may be presented upon an appeal by an independent assignment of error. But the statement is too broad, and in order to determine the proper procedure it is necessary to understand the character of the default, the character of the judgment rendered upon the default, and the character of the subsequent proceedings, if any. A defendant who is personally served with summons and fails to appear, or who appears and fails to respond to a rule to plead, may be defaulted, and by defaulting he is treated as having waived his right to deny that the plaintiff is entitled to judgment, and upon such a default the plaintiff is entitled to judgment. Such a judgment is either interlocutory or final. Where the judgment is for damages and the amount is unliquidated, the judgment is that the plaintiff recover damages, but it is interlocutory, and the defaulted defendant is still entitled to appear and be heard upon the amount of the damages. Where the action affects title to property, or is for a demand certain and liquidated, the judgment is final.

In the well-considered case of *Briggs et al.* v. *Sneghan et al.* (1874), 45 Ind. 14, 24, the defendants were defaulted for failure to appear, but were afterwards permitted to appear for the purpose of contesting the amount of damages. They were treated as in court for that purpose and no other. The court said: "We think that, from the foregoing authorities, it should be con-

sidered as settled that a judgment by default admits the cause of action and the material and traversable averments, and that something is due the plaintiff, but leaves the amount open to be determined by the proof; that in the assessment of the damages the defendant may appear and demand a trial by a jury; that he may cross-examine the witnesses called by the plaintiff; that he may call other witnesses and prove any matter which properly goes to extenuate or mitigate the damages; that he may prove all the facts and circumstances relating to any immediate provocation, which, in judgment of the law, tends to mitigate damages; that he may require the court to give to the jury proper instructions as to the measure and extent of damages; that he may by himself and counsel argue the question of damages; that he may move for a new trial; that he may reserve by bill of exceptions any question affecting the assessment of damages; but that the right of a defendant in an inquest of damages does not extend so far as to allow him to introduce a substantive defence, but, subject to this qualification, he may show that the plaintiff has no legal claim to any but nominal damages."

In *Rooker* v. *Bruce* (1908), 171 Ind. 86, 91, 85 N. E. 351, 353, it is said: "Appellant was duly notified of appellee's action, appeared in open court, and was given ample opportunity to set up any defense which he had, but failed to do so, and is in the position of having waived and abandoned his right and privilege of defending against the action. His failure to answer seasonably after appearance is, in every respect, the equivalent of a failure to appear in the first instance in response to a personal summons. A default in either case is not contemptuous conduct, but the exercise of a rightful privilege, and has the legal effect of confessing the

material allegations of the complaint, except the amount of damages when the same are unliquidated."

In *Ervin School Township* v. *Tapp* (1890), 121 Ind. 463, 464, 23 N. E. 505, 506, it appears that in an action on promissory notes the defendant was defaulted and "an interlocutory judgment of default was taken . . ." Thereafter there was a hearing and damages were fixed and a final judgment entered. After the final judgment the defendant appeared and moved the court for a new trial, assigning as causes that the finding of the court was not sustained by sufficient evidence and was contrary to law. The court said: "A defendant against whom a default has been taken may appear at any time before final judgment, and contest the amount which the plaintiff is entitled to recover. He may cross-examine the plaintiff's witnesses, and introduce evidence in his own behalf to reduce the amount of the plaintiff's claim. He may also ask instructions from the court, and move for a new trial in case he deems the amount of the recovery excessive. *Briggs* v. *Sneghan*, 45 Ind. 14. The difficulty with the appellant's case is that there was no appearance until after final judgment."

After discussing the above rule, it is said in Watson's Revision of Works Practice and Forms, Vol. 1, § 989, pp. 660, 661, that: "While the rule just stated is well established, it has been said by the Supreme Court that a motion for a new trial after a default is a contradiction of terms and should not be entertained, as there has been no trial." As supporting this statement, the following cases are cited: *Reed et al.* v. *Spayde* (1877), 56 Ind. 394; *Burton et al.* v. *Harris et al.* (1881), 76 Ind. 429; *Corwin et al.* v. *Thomas* (1882), 83 Ind. 110; *Ervin School Township* v. *Tapp* (1890), 121 Ind. 463, 23 N. E. 505; *Bell et al.* v. *Corbin et al.* (1894), 136 Ind. 269, 36 N. E. 23; and *Goodrich et al.* v. *Stangland et al.* (1900),

155 Ind. 279, 58 N. E. 148. The text then continues: "But what was there said had reference to a case where the defendant had not contested the amount of recovery. In such a case, a motion for a new trial is not proper, as there has, in fact, been no trial." But this statement is not entirely accurate, as an examination of the cases referred to will disclose.

In *Reed et al.* v. *Spayde, supra,* it appears that the defaulted defendant sought to present by a motion for a new trial the question of the correctness of the court's action in overruling his motion to reject interrogatories. It was held that this question could not be presented by a motion for a new trial. After this ruling the appellant withdrew his appearance and was defaulted. It appears therefore that the appellant was not appearing in the case at the time final judgment was taken, and that he took no exception to anything that was done in the hearing fixing the damages.

In *Burton et al.* v. *Harris et al., supra,* there was no appearance whatever until after final judgment.

In *Corwin et al.* v. *Thomas et al., supra* it is said (p. 112 of 83 Ind.) : "But a new trial could not be granted for any cause, whatever the form of the application therefor or the time of making it, when there has been a judgment upon default; for in such a case there has been no trial." It is true that in that case, which involved an action to quiet title to real estate, the defendants did not appear at any time until after final judgment, but, as appears from the other cases cited, there might have been a trial if a question of unliquidated damages was involved and the defendants had appeared to be heard upon the amount of damages after the entry of the interlocutory judgment and before final judgment. Such a case was clearly not in the mind of the court when the statement quoted was written.

The case of *Ervin School Township* v. *Tapp*, already noticed, presents a similar situation.

In *Bell et al.* v. *Corbin et al., supra* it appears that the defendant had been defaulted, and, "having had no contention in the first trial, he had no right to except to the conclusions of law and join in the appeal." (P. 283 of 136 Ind., p. 27 of 36 N. E.) This seems tantamount to saying that he did not appear and took no part in the trial.

The case of *Goodrich et al.* v. *Stangland et al., supra* was a drainage proceeding, disposed of by rulings upon the pleadings. The court said (pp. 284, 285 of 155 Ind., p. 150 of 58 N. E.) :

"In the present case, the remonstrances of the appellants having been stricken from the files, the judgment was rendered as upon a default. . . .

"But the rendition of a judgment by default is not a trial in the sense that a party may afterwards apply for a new trial. *Fisk* v. *Baker*, 47 Ind. 534. As the appellant Goodrich was not in a situation to ask for a new trial, the specification of the refusal of the court to grant a change of judge was properly assigned as an independent error."

It is clear that the independent assignment was permitted not because of the default, but because there was no trial.

The case of *Fisk* v. *Baker*, referred to in the quotation, was an action to recover possession of real property and damages for its detention. The appellant was defaulted and did not appear until after final judgment and after the term of court had adjourned. He then filed with the clerk a motion for a new trial as of right under a statute authorizing such a new trial in cases involving the title to real estate. It is noted, first, that there was no trial of the question of title, since the

judgment on default would be final and not interlocutory upon the question of title. If evidence was heard, and a judgment thereafter entered fixing the amount of damage, the appellant was not entitled to file a motion for a new trial upon the question of damages unless he had appeared before the final judgment. The statute only authorized a new trial as of right where the trial involved title to real estate, and there was no trial in which the question of the title was involved. As applied to the facts in the case there under consideration, the conclusion that the rendition of a judgment by default is not a trial, in the sense that the party may thereafter apply for a new trial, was correct, but clearly the court had no occasion to disagree with the long line of decisions above referred to upon the right to apply for a new trial where there had been an appearance and contest as to the amount of damages, since no such question was before the court.

It seems clear from these decisions that one who is defaulted may thereafter appear and contest the amount of damages; that he may reserve questions, move for a new trial, and appeal. If there is no trial of an issue of fact, he may assign directly the overruling of the motion for a change of judge, but if there is a trial he must present the question of the ruling on his motion for a change of judge by motion for a new trial, and assign as error the overruling of his motion for a new trial; and the ruling on the motion for a change of judge may be the only specification in his motion for a new trial.

In *Shoemaker* v. *Smith* (1881), 74 Ind. 71, it is pointed out that the basis for the requirement that a refusal to grant a change of venue must be assigned as a reason for a new trial is that the ruling is thus brought to the attention of the trial court where it

may be corrected if erroneous. The reason for permitting the ruling to be separately assigned, where no new trial can be had, is that in such case there is no opportunity to present it by a motion for a new trial.

The motion for a change of judge was not filed until the appellant was in default upon every question except the amount of damages. If he was prejudiced by an erroneous refusal to grant the motion for the change, it was only because it prevented his having a fair trial. The only relief which could cure the damage would be to grant a new trial. He might have presented the question in the trial court by a motion for a new trial, but he failed to do so. It is clear therefore that there is no basis for permitting the independent assignment upon the ruling on the motion for a change of venue, and the assignments of error upon this ruling present no question.

Judgment affirmed.

NOTE: Reported in 29 N. E. (2d) 772.