GREENWELL v. CUNNINGHAM ET AL.

[No. 17,661. Filed January 19, 1948. Rehearing denied March 4, 1948. Transfer denied April 14, 1948.]

252

*Paul V. Wycoff*, of Batesville, attorney for appellant.

*Robert A. Peak*, of Milan, attorney for appellees.

CRUMPACKER, J.—The appellees, co-partners doing business as Cunningham Brothers, sued the appellant in the Ripley Circuit Court to recover damages to a delivery truck belonging to said partnership which resulted from a collision between said truck and an automobile belonging to and driven by the appellant. Proper service was had upon the appellant and seven days after the return date he was called and defaulted for failure to appeal. Immediately thereafter the cause was submitted to the court, evidence heard and a finding and judgment entered for the appellees in the sum of $1,174.50. Within a few hours thereafter the appellant appeared and filed a petition to set aside said judgment because of his mistake, inadvertence, and excusable neglect in failing to appear and defend himself. A demurrer to this petition was sustained but the appellant makes no complaint of such ruling. He appeals however from the default judgment and assigns as error that (1) the decision of the court is contrary to law;

(2) the decision of the court is not sustained by sufficient evidence; and (3) the complaint does not state facts sufficient to constitute a cause of action.

In respect to the third assignment it may be said that prior to 1911 our civil code permitted a defendant, who had suffered a judgment to be taken against him by default, to appeal without first seeking to have such judgment and default set aside and assign the failure of the complaint to state facts sufficient to constitute a cause of action as grounds for reversal. *Trippeer* v. *Clifton* (1912), 178 Ind. 198, 97 N. E. 791; *Michigan Mutual Life Insurance Co.* v. *Frankel* (1898), 151 Ind. 534, 50 N. E. 304; *Lee* v. *Mozingo* (1896), 143 Ind. 667, 41 N. E. 454; *McCoy* v. *Able* (1892), 131 Ind. 417, 30 N. E. 528, 31 N. E. 453; *Robinson* v. *State* (1912), 177 Ind. 263, 97 N. E. 929.

Since the code was amended in 1911, Acts of 1911, ch. 157, § 2, p. 415, § 2-1011, Burns' 1946 Replacement, our courts have uniformly held that the insufficiency of the complaint for want of facts cannot be raised for the first time on appeal. *Robinson* v. *State, supra; Pittsburgh, etc., R. Co.* v. *Home Ins. Co.* (1915), 183 Ind. 355, 108 N. E. 525; *Wagner* v. *Wagner* (1915), 183 Ind. 528, 109 N. E. 47; *Jackson, Rec.,* v. *Rutledge* (1919), 188 Ind. 415, 122 N. E. 579.

The appellant's first two assignments of error are grounds for a new trial and cannot be assigned independently. It is contended however that when a party has been duly summoned and fails to appear until after final judgment has been taken against him there has been no trial and therefore a motion for a new trial will not lie and if such judgment is erroneous such error may be assigned independently on appeal. It has long been settled in this state that a final judgment entered on a failure of a party to appear does

not involve a trial within the meaning of the statute providing for new trials through timely motion. *Hoag* v. *Jeffers* (1929), 201 Ind. 249, 159 N. E. 753; *Reed* v. *Spayde* (1877), 56 Ind. 394; *Burton* v. *Harris* (1881), 76 Ind. 429; *Corwin* v. *Thomas* (1882), 83 Ind. 110; *The Ervin School Township* v. *Tapp* (1890), 121 Ind. 463, 23 N. E. 505. We cannot agree however that under such circumstances the aggrieved party may appeal and assign the legality of the judgment as independent error unless such judgment is wholly void through lack of jurisdiction of the court over the subject matter. When a defendant is served with summons it becomes his imperative duty to appear and present his defense if he has one. If the complaint is open to any of the objections specified in § 2-1007, Burns' 1946 Replacement, he may demur thereto and thus raise an issue of law. If the complaint is not open to such objections he may answer and so present an issue of fact. If he does neither he "shall be deemed to have waived the same, except only the objection to the jurisdiction of the court over the subject matter of the action." § 2-1011, Burns' 1946 Replacement. Our courts have held many times that this statute is applicable to judgments by default. *Indianapolis Power & Light Co.* v. *Waltz* (1938), 104 Ind. App. 526, 12 N. E. 2d 404; *Heck* v. *Wayman* (1932), 94 Ind. App. 74, 179 N. E. 2d 785; *Second Nat. Bank of Robinson, Ill.,* v. *Scudder* (1937), 212 Ind. 283, 6 N. E. 2d 955. In *Second Nat. Bank of Robinson, Ill.,* v. *Scudder, supra,* this statute is construed as follows: "The only error that could now be assigned in this court by the defaulted defendants who were personally served with process is that the lower court did not have jurisdiction of the subject matter." In *Calumet Teaming & Trucking Co.* v. *Young* (1941), 218 Ind. 468, 33 N. E. 2d 109, 33 N. E. 2d 583, the rule is announced in

the following language: "The only error not waived by failing to raise a question by demurrer or answer is that involving the jurisdiction of the court over the subject-matter of the action."

In the case before us the appellant makes no claim that the judgment is contrary to law because the court had no jurisdiction over the subject-matter. His sole contention is that the complaint shows contributory negligence on the part of the appellees and the evidence upon which such judgment was rendered does not show otherwise as it must in an action to recover property damages. He says that by his default he confessed nothing more than the truth of the facts alleged in the complaint and if the complaint fails to state a cause of action, and the evidence fails to cure the defect, he confessed nothing upon which a valid judgment could rest. We think the appellant misconceives the legal effect of his default. In *Fisk* v. *Baker* (1874), 47 Ind. 534, the court said of the default judgment therein involved: "There was no demurrer to the complaint, and consequently no issue of law in reference thereto. There was no answer to the complaint, and consequently no issue of fact. The failure of the appellee to demur or answer the complaint was a confession that the complaint was true as to the facts stated, and sufficient in law to entitle the appellant to the relief demanded." Such has been the law from that day to this. *Ayrshire Coal Co.* v. *Thurman* (1920), 73 Ind. App. 578, 127 N. E. 810, 128 N. E. 764; *Stone* v. *Elliott* (1914), 182 Ind. 454, 106 N. E. 710; *Rooker* v. *Bruce* (1908), 171 Ind. 86, 85 N. E. 351. But even if the appellant were right in his contention he has waived all such error by his default.

There are a number of cases in Indiana which recognize the right of an appellant who has appeared but

subsequently suffered a default judgment below, to assign the action of the court in refusing to give him a change of venue as independent error on appeal. The refusal to grant a change of venue upon proper application is ground for a new trial but on the theory that a default judgment involves no trial the decisions under discussion hold that such error may be assigned independently because the jurisdiction of the court over the subject matter is involved. If the application for a change of venue should have been granted the court lost jurisdiction of the case when it made its erroneous ruling denying the change. Thus, under the statute, the question was not waived by the default. *Carson, Receiver* v. *Perkins* (1940), 217 Ind. 543, 29 N. E. 2d 772; *Goodrich* v. *Stangland* (1900), 155 Ind. 279, 58 N. E. 148; *Shoemaker* v. *Smith* (1881), 74 Ind. 71.

Finding no error, the judgment is affirmed.

NOTE.—Reported in 76 N. E. 2d 684.