FAVRE, ADMINISTRATRIX OF ESTATE OF WALTER P. FAVRE, DECEASED v. BREWSTER ET AL.

[No. 20,288. Filed June 20, 1966.]

John A. Kesler, of Terre Haute, for appellant.

Robert H. Duffy, of Terre Haute, for appellee.

PRIME, J.—This is a lawsuit for damages for wrongful death brought by the plaintiff-appellant as administratrix of her husband's estate. The complaint alleged that her husband

was shot and killed July 4, 1959, by the defendants who were acting as constables at the time.

The complaint was filed on July 29, 1959. Defendants entered appearance by counsel and filed an answer in general denial. After the cause had been pending for nearly four years the defendants' attorney withdrew his appearance and the court at that time set the matter for disposition six days later, on April 25, 1963. No action was taken for a year and the record shows that the case was again set for April 6, 1964. On that date the record shows the appearance of the plaintiff, but no appearance by the defendants. The defendants were legally called and defaulted and the court set the damages hearing for April 14, 1964, and subsequently reset the same for April 21, 1964.

On this date the plaintiff and both defendants appeared in person, and by counsel for defendant, MacAllister. Evidence was heard and the court rendered a judgment for the plaintiff in the amount of $27,500.00.

Thereafter, the defendants filed a motion for a new trial which the court sustained on July 20, 1964.

It appears unquestioned that the appellees, defendants below, were properly served personally with summons. It is further evident that the court, at the time of defaulting the defendants, set a date some two weeks later for a hearing in order to determine the amount of damages to be assessed. It is uncontroverted that at said hearing no Motion to Set Aside the Default, or request for continuance was made but rather with all parties present, the court conducted the damage hearing as scheduled. In the course of this hearing both sides were heard, evidence was presented, both parties rested, and the court thereupon rendered judgment against the defendants.

The defendants' motion for new trial alleged:

1. That the damages assessed are excessive.
2. That the decision is not sustained by sufficient evidence.
3. The decision is contrary to law.

The sustaining below of said motion is presently assigned as error by the plaintiff-appellant, and it is only as to this issue that we direct our attention.

■   There can be no doubt that a motion for new trial is a nullity as to a default judgment, since there was in fact no trial.

*Greenwell* v. *Cunningham* (1948), 118 Ind. App. 251, 76 N. E. 2d 684; *Hoag* v. *Jeffers* (1929), 201 Ind. 249, 159 N. E. 753.

Appellees contend that in the event we hold the motion to have been improperly sustained as to the default judgment, we must affirm the sustaining of said motion as to the separate damages hearing.

While it would appear that the Supreme Court in *Carson, Receiver* v. *Perkins* (1940), 217 Ind. 543, 29 N. E. 2d 772, ■   has held that one who appears at a hearing to determine unliquidated damages after a default judgment could have a legal basis for filing a motion for new trial as to the damage hearing, we must hold that the sustaining of the motion was improper.

We believe that one who is defaulted may, by a motion for a new trial, raise the question of damages assessed, but the default would still stand.

"The rights of a defendant after default are well settled. The default is a determination that the *plaintiff is entitled to judgment* . . . [Emphasis added] .

"Although the defendant may contest the amount, he cannot be allowed to prove that the plaintiff is not entitled to recover any damages. . . . [T]here must be judgment in his [plaintiff's] favor . . .

". . . [T]he right of a defendant after default does not extend so far as to allow him to introduce any defense. *His only right is to reduce the amount of the plaintiff's recovery* . . . The defendant cannot establish any defense to the actions, for that is admitted by the default." [Emphasis added]

Works' Indiana Practice, Lowe's Revision, Vol. 2, Page 162, 163 and 164.

The uncontroverted evidence introduced at the hearing showed the appellant's decedent to have been 39 years old, in good health, and the sole support of appellant and four minor children. The decedent's average income was shown to have been approximately $5,000.00 per year. With a life expectancy of 28.90 years, the award was modest.

Based upon the above, we can find no evidence which would support the sustaining of said motion under the three allegations upon which it was based.

We, therefore, reverse the trial court and remand with instructions to overrule the questioned motion.

Carson, J., concurs, Wickens, P.J., concurs with opinion, in which Faulconer, J., concurs.

### CONCURRING OPINION

WICKENS, P. J.—I concur in the result reached by Judge Prime but wish to point out that the trial court in granting the motion for new trial stated its only reason therefor as:

"[B]eing of the opinion that this case should have been tried on its merits."

In my opinion this reason is insufficient to warrant any action. Further, the trial court did not grant the new trial for the reason that it considered the damages excessive, so that question is not saved for appeal. Were we required to pass on the damage question, I am in total agreement with Judge Prime.

I interpret the opinion in *Hoag* v. *Jeffers* (1928), 201 Ind. 249, 252, 159 N. E. 753 to hold (1) that a motion for new trial will not authorize the trial court to review the legality of a default judgment; (2) that only a motion to set aside the default would authorize the setting aside of a default judgment, and (3) where a motion to set aside a default

judgment has been filed the trial court on hearing the same must make a judicial determination of whether the default was suffered by reason of mistake, inadvertent surprise or excusable neglect of a party who now has a meritorious defense to the cause of action upon which the judgment against him was founded.

Appellees, against whom the default judgment was rendered have not shown, much less they have not even alleged, any valid grounds to set aside the default.

Faulconer, J., concurs.

NOTE.—Reported in 217 N. E. 2d 592.